## H. W. FERGUSON V. THE STATE.

### No. 4090.   Decided November 15, 1916.

**1.—Aiding and Abetting Embezzlement—State Bank—Indictment—Duplicitous Pleading.**

Where, upon trial of aiding and abetting in embezzlement, under article 523, Penal·Code, the indictment in one count alleged three separate and distinct offenses, if indeed it charged any offense, the same was fatally defective, on a motion to quash.

**2.—Same—Rule Stated—Statutes Construed.**

Upon trial of aiding and abetting in embezzlement, under article 523, Penal Code, where the indictment did not come within the well settled principle that when a statute prescribes two or more ways that a given offense can be committed, all the ways can be conjunctively alleged and the conviction sustained if either is properly proved, but described three separate and distinct offenses in one count, the same was fatally defective.

**3.—Same—Statement of Facts—Questions and Answers.**

Where the alleged statement of facts embraced questions and answers, objections and arguments, remarks of the court, and many other things it ought not to have contained, the same will be stricken out on motion by the State.

**4.—Same—Indictment—Duplicitous Pleading.**

Where the statute, article 523, Penal Code, prescribes three separate and distinct offenses, and not three ways of committing one offense, the same could not be combined in one count.

**5.—Same—Statutes Construed—Distinct Offenses—Pleading.**

Under article 523, Penal Code, each of the words embezzle, abstract, or wilfully misapply must be given effect, and are not convertible terms, but describe separate and different offenses. Distinguishing Green v. State, 66 Texas Crim. Rep., 446; Ferrell v. State, 68 Texas Crim. Rep., 487.

**6.—Same—Motion to Quash—Pleading—Practice.**

Where one ground of the motion to quash the indictment was because the language of the allegation thereof is confused, indefinite and unintelligible, while not following the exact language of the statute, nevertheless, embraces that provision of the statute which requires the offense must be set forth in plain and intelligible words.

**7.—Same—Motion to Quash—Statute Construed.**

Where one of the grounds of the motion to quash was that the indictment did not charge any offense against the laws of the State under article 575, Code Criminal Procedure, this was an exception to the substance of the indictment, and sufficiently raised that question. Distinguishing Schoolfield v. State, 29 Texas Crim. App., 502.

**8.—Same—Indictment—Substance—Rule Stated.**

This court has uniformly held that the validity of an indictment as to substance may be attacked at any time in this and in the lower court, even after an affirmance in this court and for the first time on motion for rehearing. Following White v. State, 1 Texas Crim. App., 211, and other cases.

**9.—Same—Duplicitous Pleading—Rule Stated.**

In several well considered cases, this court has held that, if the indictment is duplicitous on its face, the defect is one of substance and is ground for a motion in arrest of judgment, which can be raised at any time, and this rule applies in this case. Following Weathersby v. State, 1 Texas Crim. App., 643, and other cases.

**10.—Same—Verdict—Judgment.**

It is noticeable that while the court below conjunctively submitted to the jury a finding on all three offenses embraced in the indictment, and a general verdict was found, the lower court applied the verdict to that of embezzlement, which the testimony failed to support.

Appeal from the District Court of Cherokee. Tried below before the Hon. L. D. Guin.

Appeal from a conviction of aiding and abetting in embezzlement; penalty, not less than five nor more than eight years imprisonment in the penitentiary.

The opinion states the case.

*Perkins & Perkins, Guinn & Guinn,* and *Wynne, Wynne & Gilmore,* for appellant.

*C. C. McDonald,* Assistant Attorney General, *Norman, Shook & Gibson,* for the State.—On question of sufficiency of the indictment: Dent v. State, 43 Texas Crim. Rep., 126, 65 S. W. Rep., 627; Nicholas v. State, 23 Texas Crim. App., 317; Ferrell v. State, 68 Texas Crim. Rep., 487, 152 S. W. Rep., 901; Goodwin v. State, 70 Texas Crim. Rep., 608, 158 S. W. Rep., 274; Hickman v. State, 64 Texas Crim.

Rep., 161, 141 S. W. Rep., 973; Wright v. State, 70 Texas Crim. Rep., 73, 156 S. W. Rep., 624; Crain v. United States, 162 U. S., 625; Green v. State, 147 S. W. Rep., 593; Johnson v. State, 171 S. W. Rep., 211; Stevens v. State, 150 S. W. Rep., 944, and cases cited in opinion.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted of "aiding and abetting in embezzlement," as stated by the judgment.

It is claimed by both sides that the indictment was preferred under article 528, Penal Code, which as to the offenses charged is: "Every president, cashier, director, teller, clerk or agent of any State bank, . . . incorporated under the laws of Texas, who embezzles, abstracts or wilfully misapplies any of the moneys, funds or credits of such State bank, . . . with intent in either case to defraud such State bank, or any other corporation, body politic or any individual, person, firm or association, . . . and every person who, with like intent, aids or abets any officer, clerk or agent in any violation of this article, shall be deemed guilty of a felony, and shall, upon conviction, be imprisoned in the State penitentiary for a term of not less than five years nor more than ten years." As will be seen from the indictment, it has some indications of having been preferred under article 96, Penal Code, also.

The appellant contends that the indictment is in two counts; the State, that it is in one only. Omitting the usual commencement about the organization of the grand jury and the usual concluding part, the indictment is: "That at the time and all the times herein alleged The Guaranty State Bank of Mt. Selman, at Mt. Selman, Texas, was a State banking association, which had been theretofore duly and legally incorporated, created, organized and established under and by virtue of the Acts of the Legislature of the State of Texas and under the laws of said State in such cases made and provided and was then and there existing and doing a banking business as a State bank of deposit and discount at the town of Mt. Selman, State of Texas, County of Cherokee, and at all times herein alleged, one A. E. Burns was the cashier of said The Guaranty State Bank of Mt. Selman. And that heretofore, towit: on or about the 15th day of December, A. D. 1915, one H. W. Ferguson did then and there, knowingly, wilfully, fraudulently and unlawfully and with the intent in him, the said H. W. Ferguson, to injure and defraud the said State bank, aid and abet the said A. E. Burns, he being then and there cashier as aforesaid, then and there unlawfully and fraudulently secrete and take and to embezzle, abstract and wilfully misapply certain of the moneys, funds and credits of the said State bank for the use, benefit and advantage of him, the said H. W. Ferguson, and for the use, benefit and advantage of a person and persons other than the said State bank, the name and names of said person and persons being to the grand jurors unknown, towit, the sum of $5000, in current money of the United States of the value of $5000 and the funds and credits of the value of $5000, then and there

belonging to and being the property of the said State bank, without the knowledge and consent of said bank and its board of directors; that is to say, the said ·A. E. Burns heretofore, towit: on the day and year last aforesaid in said county and State being then and there cashier as aforesaid, aided and abetted by the said H. W. Ferguson, did then and there knowingly, unlawfully and fraudulently and with the intent to injure and defraud said State bank, unlawfully and fraudulently secrete and take and wilfully embezzle, abstract and misapply certain of the moneys, funds and credits of the said State bank amounting to the sum of $5000 and of the value of $5000, a more particular description of which is to the grand jurors unknown and can not be given by the grand jury, in the manner and by the means to the grand jurors unknown, and the said A. E. Burns, by virtue of his cashiership as aforesaid was the receiver and controller of and having charge of the moneys, funds and credits of the said The Guaranty State Bank of Mt. Selman, and he, the said A. E. Burns, had received and there had come into his hands and was then and there in his possession as such cashier by virtue of the power of control, direction and management, said A. E. Burns had as cashier as aforesaid, over the moneys, funds and credits of said banking association, did then and there wilfully, fraudulently and unlawfully secrete and take and embezzle, abstract and wilfully misapply moneys, funds and credits belonging to said bank, towit: amounting to the sum of five thousand dollars current money of the United States of America and the funds and credits of said bank to the value of and to the amount of $5000, a better description of which is to the grand jurors unknown and can not be given by the grand jury, which sum of moneys, funds and credits he, the said A. E. Burns, did then and there unlawfully and fraudulently secrete and take from and out of the moneys, funds and credits then and there belonging to and being the property of said State bank without the knowledge and consent of said State bank and its board of directors, said sum of $5000, a more particular description of which said moneys, funds and credits so embezzled, abstracted and wilfully misapplied being to the grand jurors unknown, and same were taken without lawful authority, as they, the said H. W. Ferguson and A. E. Burns, and each of them, then and there well knew and the said sum was then and there wilfully, wrongfully and unlawfully appropriated and converted to the use, benefit and advantage of the said H. W. Ferguson and of the said A. E. Burns, and each of them, and for the use, benefit and advantage of a person and persons other than the said State bank, the name and names of said person and persons to this grand jury unknown and the said H. W. Ferguson knowingly, wilfully, fraudulently and unlawfully aided and abetted the said· A. E. Burns, cashier as aforesaid, therein with the intent in and of him, the said H. W. Ferguson, to injure and defraud said State bank."

We have carefully and repeatedly studied this indictment and conclude that it is in one count only. The appellant made a motion to

quash it on various grounds, one being "because the language and allegations thereof are confused, indefinite and unintelligible." We think this ground of the motion is good and should have been sustained. If it can be considered to charge any offense at all, it in one count, charges three separate and distinct offenses, towit: (1) aiding and abetting embezzlement; (2) aiding and abetting, abstracting, and (3) aiding and abetting, wilfully misapplying—the public moneys, funds, etc., of said State bank.

We have not quoted all of the statute (art. 523) but have omitted that part of it which has no application herein. The parts omitted also prescribe some separate and distinct offenses in addition to those we have mentioned above. This statute, and the indictment under it, does not come within the well settled principle that when a statute prescribes two or more ways that a given offense can be committed, the indictment can allege all the ways conjunctively and sustain a conviction if either is properly proven, but instead, this statute does not prescribe three separate and distinct ways of committing any given offense, but prescribes three separate and distinct offenses. Hence, we think the indictment is fatally defective, because in one count it charges three separate and distinct offenses if, as stated, it charges any offense at all.

In criminal pleading, it is always permissible and commendable, when necessary or proper to charge an accused with the offense in separate counts, in order to meet the proof as it may develop. Under this statute each and every separate and distinct act of embezzlement, or of abstracting, or of wilfully misapplying, is a separate and distinct offense and can be preferred, and probably should be, in separate and distinct indictments. However, we see no necessity in the disposition we make of this case of discussing anything further in connection with the law or the indictment.

There is one matter, however, we will call attention to, and that is, the statement of facts embraces questions and answers, objections and arguments, remarks of the court and many other things it ought not to contain. If we had ever reached it herein, doubtless if the Assistant Attorney General had made a motion to strike out the statement of facts and not consider it because of the way it was made up, in all probability we would have sustained his motion. The statute on this subject and the many decisions are so clear and distinct to the effect that such a statement of facts will be struck out and not considered, but will not cite them again now.

The judgment is reversed and the cause dismissed.

*Reversed and dismissed.*

### ON REHEARING.

#### November 15, 1916.

PRENDERGAST, PRESIDING JUDGE.—The State's able attorneys who were employed specially to prosecute this case have filed a very

elaborate and lengthy argument and brief, urging vigorously and forcibly that this court erred in holding the indictment herein defective. They invoke several well established doctrines as applicable herein, such as surplusage, and that an indictment can properly allege conjunctively all the ways when there are more than one in which a given offense may be committed, and that proof of either will sustain a conviction, and some others, citing and quoting very extensively many decisions of this court on these points. All these doctrines were thoroughly considered before the original opinion was prepared and handed down, and upon the most mature deliberation we concluded none of them had any application to this case. We deem it unnecessary to discuss any of these doctrines.

There can be no question but that if the statute under which this prosecution was had had prescribed only one offense and three or more ways in which it might have been committed, the indictment could legally and properly have charged conjunctively in one count the offense as committed in all these ways; but as held in the original opinion, said statute prescribes three separate and distinct offenses and not three ways of committing one offense. Said statute (P. C., art. 523) copied in the original opinion, was taken literally as applicable to our State banks from article 5209 of the United States Revised Statutes as applicable to national banks. The Federal courts, in construing that statute, have expressly held, that it provides for at least three separate and distinct offenses, towit: (1) embezzlement; (2) abstraction, and (3) wilful misapplication, of any of the moneys, funds or credits of such bank. (United States v. Lee, 12 Fed., 816, and many other cases from the Federal courts to the same effect.) After the most thorough search we have been unable to find any decision of any Federal court under that statute which holds, or intimates, that it prescribes but one offense and three ways of committing it. Each of the words, *"embezzles," "abstracts"* or *wilfully "misapplies,"* must be given effect. The word *misapply* was intended to include acts not covered by the previous words *embezzle* or *abstract*. To give *misapply* the same meaning as the word *embezzle* is to eliminate a word from the statute. This can not be done. (United States v. Fish, 24 Fed., 585-591.) The terms *embezzlement* and *misapplication* used with reference to the funds of a bank are not convertible terms. (Jewett v. United States, 100 Fed., 832-840.) The word *embezzle* refers to acts done for the benefit of the actor as against the bank, while the word *misapply* covers acts having no relation to pecuniary profit or advantage to the doer thereof. (United States v. Taintor, 28 Fed. Cas., 7-9.) *Abstract* as used in the statute is a word of simple, popular meaning, without ambiguity. It means to take or withdraw from; so that to *abstract* the funds of a bank, or a portion of them, is to take and withdraw from the possession and control of the bank moneys, etc., alleged to be so abstracted. It has but one meaning, being that which is attached to it in its ordinary popular sense. (United States v. Northway, 120 U. S., 327; 30 L. Ed.,

664; United States v. Harper, 33 Fed., 471.)    Embezzlement under this statute involves two essential elements:    (1)    A breach of duty or trust with respect to the moneys, etc., of the bank embezzled, which must have been lawfully in the custody or possession of the principal by virtue of his office or employment, although such possession need not have been exclusive of that of other officers, clerks or agents; and (2) wrongful appropriation of such moneys, etc., to his own use with intent to injure or defraud the bank or others.    Embezzlement may include the offenses of abstraction and wilful misappropriation, but either of the latter offenses may be committed without embezzlement. (3 Michie's Banks and Banking, p. 1932; United States v. Breese, 131 Fed., 915; United States v. Youtsey, 91 Fed., 864.)    An indictment for embezzlement must allege the moneys or funds were intrusted to the possession of the defendant, but an indictment for abstraction or misapplication need not.    (3 Michie's Banks and Banking, p. 1948; United States v. Northway, supra; United States v. Johnson, Fed. Cas. No. 15,483.)    *Misappropriation* means wrong appropriation; to turn to a wrong purpose.    (Hagerty v. Badkin, 66 Atl., 420.)    The cases from the various Federal Circuit Courts of Appeal are not in harmony.    There perhaps is some conflict between them.    We have cited above those which we think are correct and in point.

The cases of Green v. State, 66 Texas Crim. Rep., 446, and Ferrell v. State, 68 Texas Crim. Rep., 487, particularly relied upon by the State, as well as other cases cited, we think, have no application to this case.    In all those cases we were discussing an indictment under a statute which did not make two or more separate and distinct offenses but the two or more methods of committing one offense, and all these cases properly considered clearly make that distinction.

Our statute, in various provisions, prescribes what allegations in an indictment shall be deemed sufficient.    Among others, article 451, C. C. P., subdivision 7, states:    "The offense must be set forth in plain and intelligible words."    Also article 576, C. C. P., expressly authorizes an accused to make a motion to quash the indictment for the want of any of the requisites prescribed by said article 451.    One ground of the motion to quash this indictment was because "the language of the allegations thereof are confused, indefinite and unintelligible."    This ground did not follow the exact language in the statute that the offense was not set forth "in plain and intelligible words," but we think, without question, it embraced, and was intended to embrace, that provision of the statute, and not only authorized but required the court to pass upon it, and we are still of the opinion that the allegations of the indictment were so confused, indefinite and unintelligible as not to charge the offense in plain and intelligible words.    That alone would require that this case should be reversed and dismissed, as we held in the original opinion.

Another ground of appellant's motion to quash said indictment was that it does not charge any offense against the laws of the State.    The

statute (art. 575, C. C. P.) expressly provides that an exception of substance to an indictment is that it does not appear from the face of it that an offense against the law was committed by the defendant. We are also of the opinion that said ground to quash it sufficiently embraced and raised this question of the sufficiency of the indictment under said article of the statute, and this also not only authorized but required the lower court to pass upon the indictment on that ground. The lower court did so and overruled that ground of the motion, as well as all others.

The State's attorneys cite Schoolfield v. State, 29 Texas, 502, wherein Judge Bell held that the motion or demurrer to quash the indictment in that case which was simply and solely because it was "insufficient in law," did not inform the court whether the objection was one of form or of substance, and that the lower court was not called upon to pass upon any such general objection. They also cite in that connection the case of Phillips v. State, in the same volume, page 226, wherein that decision of Judge Bell's was cited. In the Phillips case the Supreme Court did not follow the Schoolfield case, but, on the contrary, did consider the objection in that instance to the effect solely that the indictment was "insufficient and charged no offense known to the law," and held as the lower court did, that the indictment was good.

This court from its foundation, continuously down to the present time, has uniformly held that the validity of an indictment as to substance may be attacked at any time in this or in the lower court, even after an affirmance in this court and for the first time on motion for rehearing. White v. State, 1 Texas Crim. App., 211; Holden v. State, 1 Texas Crim. App., 225; Cox v. State, 8 Texas Crim. App., 254; Woolsey v. State, 14 Texas Crim. App., 57; Maddox v. State, 14 Texas Crim. App., 447; Gonzales v. State, 58 Texas Crim. Rep., 141; Dunn v. State, 58 Texas Crim. Rep., 91; Jasper v. State, 73 Texas Crim. Rep., 197; Ryan v. State, 176 S. W. Rep., 49.

In several well considered cases this court has held that if the indictment is duplicitous on its face, the defect is one of substance and is ground for an arrest of the judgment, and, in effect, can be raised at any time. Weathersby v. State, 1 Texas Crim. App., 646; Hickman v. State, 22 Texas Crim. App., 441; Scales v. State, 46 Texas Crim. Rep., 296; Wood v. State, 47 Texas Crim. Rep., 543. The State claims that as no motion was made to quash the indictment specifically because it was duplicitous and even if it was, alleging in one count three separate and distinct offenses, it was too late to raise such question after verdict, and call our attention to Cabiness v. State, 66 Texas Crim. Rep., 404, and Green v. State, 66 Texas Crim. Rep., 446, where we cited some authorities to that affect. It may be that under a peculiar state of fact such doctrine would apply, but we think it does not in this case. It is noticeable that while the court herein submitted conjunctively to the jury a finding on all three offenses embraced in the indictment and the verdict of the jury was general, the court applied the verdict and

conviction by the judgment to aiding and abetting embezzlement. The testimony by the State not only fails to show embezzlement, but its own evidence positively establishes no embezzlement by Burns, hence there could be no aiding and abetting in embezzlement by appellant. However, that has nothing to do with whether or not the indictment was fatally defective.

We have given this case, and the questions arising in it, an unusual amount of investigation and consideration and also have carefully studied the State's brief and motion for rehearing, and we are thoroughly satisfied that our rulings in the original opinion were correct. The motion is, therefore, overruled.

*Overruled.*