### FRANK SEELEY v. THE STATE.

#### No. 5018.  Decided May 8, 1918.

**Abandonment—Seduction—Indictment.**

Upon trial for abandonment after seduction and marriage, it is necessary to allege in the indictment the particular court wherein the complaint charging seduction was filed and an allegation that the prosecution was begun in a court of competent jurisdiction is not sufficient. Following Kirkendall v. State, 180 S. W. Rep., 676.

Appeal from the District Court of Wise. Tried below before the Hon. F. O. McKinsey.

Appeal from a conviction of abandonment after seduction, etc.; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*L. D. Ratcliff,* for appellant.—Cited case in the opinion.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—The conviction is for abandonment after seduction and marriage as defined in article 1450, P. C.

A motion to quash the indictment was filed and overruled. It assailed the indictment upon the ground that it failed to designate the court in which, prior to the marriage, the prosecution was begun. The essential elements of the offense are a seduction, a marriage and an abandonment. The marriage must take place after prosecution has begun in a court of competent jurisdiction. This court, in the case of Kirkendall v. State, 78 Texas Crim. Rep., 168, passing upon the requisites of an indictment under this statute, held it "necessary to allege the particular court wherein the complaint charging seduction was filed." The indictment charges that the prosecution was begun in a court of "competent jurisdiction." The indictment should name the court so that the judge trying the case may be able to determine from the facts alleged whether or not the prosecution was begun in a court of competent jurisdiction. The conclusion reached in the Kirkendall case, supra, controls this one, and is in accord with the law testing the sufficiency of indictments on motion to quash. Ferguson v. State, 80 Texas Crim. Rep., 383, 189 S. W. Rep., 271; Rudy v. State, 81 Texas Crim. Rep., 272, 195 S. W. Rep., 187, and cases cited.

Other questions raised will not be reviewed as they are not likely to arise in the event of another trial.

Because of the error of the trial court refusing to quash the indictment, the judgment is reversed and the prosecution ordered dismissed.

*Dismissed.*