## HARTFORD ACCIDENT & INDEMNITY CO. v. SHAW, Banking Com'r. (No. 7234.)

Court of Civil Appeals of Texas. Austin. June 6, 1928.

Rehearing Denied June 27, 1928.

1. Evidence ⬩121(3)—In action on bank cashier's bond, books kept by cashier were admissible as parts of res gestae of defalcations; rule regarding proof that books were correctly kept not applying.

In action on bank cashier's bond, books kept by cashier or by another under his directions so as to conceal and cover up misappropriations and defalcations, were admissible as parts of res gestæ of his defalcations and as admissions against interest, and rule that, in order to render books of account admissible, it must be shown that they were correctly kept, did not apply.

2. Evidence ⬩354(6), 355(1)—In action on bank cashier's bond, passbooks and deposit slips issued by cashier were admissible to prove deposits.

In action on bank cashier's bond, passbooks and deposit slips issued by cashier to bank patrons showing deposits of money by them with bank were admissible to prove deposits, where bank's books failed to show that such deposits had been made.

3. Evidence ⬩177—Qualified auditor, after examination of voluminous and detailed books of account, etc., could testify regarding what same showed.

In action on bank cashier's bond, court properly permitted qualified auditor or bookkeeper, after examination of bank's books of account, deposit slips, and passbooks, to testify as to what same showed, where same were voluminous, involved intricate details, and it was inconvenient for court to make necessary examination.

4. Insurance ⬩670—In action on bank cashier's bond, findings that cashier "embezzled or willfully misapplied" sum supported judgment for plaintiff (Rev. St. 1925, art. 498).

In action on cashier's bond, executed in accordance with provisions of Rev. St. 1925, art. 498, to protect bank against loss from dishonesty of employee, findings in alternative that cashier "embezzled or willfully misapplied" certain sum held sufficient to fix defendant's liability under its bond and to support judgment.

5. Appeal and error ⬩1071(1)—In action on bank cashier's bond, finding that cashier embezzled or willfully misapplied funds, if error, held harmless, where defendant's liability attached in either event.

In action on cashier's bond, court's findings in alternative that cashier embezzled or willfully misapplied certain sum, if error, held harmless, where defendant's liability attached in either event.

6. Costs ⬩191—Reference ⬩8(1)—In action on bond of bank cashier who had misappropriated funds, appointment of auditors and taxation of their fees as costs held proper.

In action on bank cashier's bond, in which real issue was whether cashier had misapplied bank's funds, examination of bank's books was necessary to determine issue, and accounts between parties were directly in controversy in suit, and court was authorized to appoint auditors under Rev. St. 1925, art. 2292, to audit bank's books and to tax as costs reasonable compensation to such auditors.

Appeal from District Court, Travis County; Geo. Calhoun, Judge.

Suit by James Shaw, Banking Commissioner, against the Hartford Accident & Indemnity Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Boyles, Brown & Scott and Pat N. Fahey, all of Houston, for appellant.

Spencer, Rogers & Lewis, of San Antonio, for appellee.

BAUGH, J. This suit was brought by the state banking commissioner, in whose hands the Farmers' State Guaranty Bank of Navasota, Tex., had been placed for liquidation, against the appellant company, on an indemnity bond for $10,000, executed by it, and protecting said bank against "such pecuniary loss as it may sustain of money or other valuable securities embezzled, wrongfully abstracted, or willfully misapplied" by R. L. Renick, cashier of said bank. The trial was to the court without a jury, and judgment rendered against the indemnity company for the full amount of the bond, from which judgment it has prosecuted this appeal.

Appellant's first five propositions complain of the admission of testimony based upon the bank's books and upon passbooks and deposit slips issued to depositors, on the ground that same were not shown to have ben properly kept.

[1] The general rule contended for by appellant is well established; that is, that, in order to render books of account admissible in evidence, it must be shown that they were correctly kept. 22 C. J. 867; Stark v. Bur-

---

kitt, 103 Tex. 437, 129 S. W. 343; Werbiskie v. McManus, 31 Tex. 123. But this rule is not applicable to the instant case. The bank, at the times in question, was in charge of three men—J. T. Evans, active vice president, R. L. Renick, cashier, and C. S. Cone, Jr., bookkeeper. Evans confessed that he had misappropriated $132,000 of the bank's funds. Renick did not testify at all. Both the pleadings and the proof showed that said books were fraudulently and corruptly kept either by Renick himself, or by Cone under his directions, so as to conceal and cover up misappropriations and defalcations of the bank's funds by both Evans and Renick. Under such circumstances not only was Renick estopped to urge their incorrectness, but they became admissible as parts of the res gestæ of his defalcations, and as admissions against interest. He cannot be heard to attack as incorrect the records which he himself has made, in an effort to escape responsibility for his own wrongs. Avery v. Oil Mill Association (Tex. Civ. App.) 196 S. W. 353. Nor will he be permitted to suppress his own records when to do so would destroy the evidence of his own defalcations.

[2] Likewise, the passbooks and deposit slips, issued by Renick to bank patrons, showing deposits of money by them with the bank, were admissible to prove such deposits, where the bank's books failed to show that such deposits had been made. Especially is this true, where, as here, the bookkeeper testified that he was instructed by Renick himself not to make entries on the books of the bank which would show that such deposits had been made.

[3] Nor was it error to permit a qualified auditor or bookkeeper, after an examination of said books of account, deposit slips, and passbooks, to testify as to what same showed. As a general rule the books, papers, etc., are themselves the best evidence, but, where same are voluminous, involve intricate details, and it is inconvenient for the court to make the necessary examination, parol evidence of an expert accountant or other competent person is admissible to prove what said books show. 22 C. J. 989, 1017; Clopton v. Flowers (Tex. Civ. App.) 183 S. W. 68; Avery v. Oil Mill Ass'n, supra; Esterman-Verkamp Co. v. Rouse, 211 Ky. 791, 278 S. W. 124.

Appellants' sixth, seventh, eighth, and eleventh propositions all relate to alleged misappropriation by Renick of $10,000 worth of United States Liberty bonds, left with the bank by a depositor for safe-keeping. We do not pass upon the questions therein raised, for the reason that the evidence was amply sufficient to sustain the trial court's findings that Renick misappropriated funds of the bank far in excess of the amount of the bond sued upon, exclusive of the Liberty bonds, and to render appellant liable for the full amount of said bond, regardless of the conversion of said Liberty bonds.

The same is true also with reference to appellant's tenth proposition, relating to a certified check in favor of Peter Yearek for $2,200, who was shown to have had less than $50 in said bank at the time said check was certified by Renick.

The next question raised by appellant complains of the trial court's findings of fact as being equivocal and in the alternative, and therefore not a proper basis for a judgment. The trial court specifically set out in separate findings some sixteen particular instances and amounts of defalcations by Renick, aggregating approximately $40,000. In each instance the language of the court is that the said R. L. Renick "embezzled or willfully misapplied" the specific sum so found. Appellant's contention is that, since "embezzlement" is a separate and distinct offense from "willful misapplication" of funds, and separately punishable, the court's findings, in order to support a judgment, should be of one or the other offense, and, since said finding is in the alternative, it does not find him guilty of either offense. It relies for the most part on criminal cases to sustain this contention.

[4, 5] It is true that in a criminal proceeding these two terms denote separate and distinct offenses, and effect must be given to each. Ferguson v. State, 80 Tex. Cr. R. 383, 189 S. W. 271; article 544, P. C. 1925. An indictment charging both offenses in the same count would be bad. But in a civil proceeding a different rule applies. Former jeopardy, essentially present in a criminal prosecution, has no application in a civil proceeding. And in such proceeding, allegations of a petition charging that a bank employee embezzled, abstracted, or misapplied such funds have been sustained. National Surety Co. v. Bank (Tex. Civ. App.) 244 S. W. 217. The condition of the bond involved here (executed in accordance with the provisions of article 498, R. S. 1925), was to protect the bank against loss from the dishonesty of the employee, whether it occurred through one or through all of the methods named in the statute. And where, as here, the evidence showed numerous defalcations made by the cashier, with resulting losses to the bank, each of which the evidence showed was either an embezzlement by him, or a willful misapplication of funds, though some of them may have been one and some the other, the trial court's findings in the alternative are sufficient to fix appellant's liability under its bond. Its liability attached in either event, and, where the uncontradicted evidence shows that the cashier mulcted the bank through one method or the other, the reason for a separate finding as to what offense each default constituted ceases, and the error, if any, was harmless.

[6] Nor was it error for the court to tax as costs the fees allowed the auditors appointed by the court to audit the bank's books. Article 2292, R. S. 1925, provides:

"When an investigation of accounts or examination of vouchers appears necessary for the purpose of justice between the parties to any suit, the court shall appoint an auditor or auditors to state the accounts between the parties and to make report thereof to the court as soon as possible."

Appellant contends that the audit made was an audit of the bank's accounts with its customers, not of any accounts between the bank and the indemnity company, was not between the "parties to the suit," and was not authorized by said statute. We do not sustain this contention. The indemnity company undertook by its bond to protect the bank against the cashier's defalcation. For some reason, not shown, Renick was not made a party defendant. No complaint is made of this by appellant. The real issue in the case was whether Renick had misappropriated the bank's funds. An examination of the books of the bank was necessary to determine that issue. Whatever was in controversy between the bank and Renick was necessarily in controversy between the bank and appellant. "The accounts between the parties" were therefore directly in controversy in this suit, and the trial court was authorized to appoint auditors under said statute to audit said books, and to tax as costs a reasonable compensation to such auditors. No question is raised as to the reasonableness of the charges.

The last question presented is that the evidence is not sufficient to support the judgment. This proposition is too general to merit consideration, but we find that the statement of facts discloses ample evidence that Renick misappropriated funds of the bank far in excess of the amount of the bond.

The judgment of the trial court is affirmed.

Affirmed.