Allen Paul **SCHERLIE**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 511–85.

Court of Criminal Appeals of Texas, En Banc.

June 18, 1986.

W. Scott Carpenter, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and William J. Delmore, III and Pam Sklar Derbyshire, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

ONION, Presiding Judge.

The appellant was convicted by a jury of driving while intoxicated. The court assessed punishment at 120 days in the county jail, probated, and at a fine of $350.00.

The information charged the offense of driving while intoxicated under Article 6701*l*–1(a)(2)(A) and (B), V.A.C.S., in two separate paragraphs. The State abandoned the first paragraph and prosecuted under the second paragraph of the information which alleged in part that appellant "on or about April 29, 1984, did then and there unlawfully while intoxicated, namely, having an alcohol concentration of at least 0.10 percent in his body, drive and operate a motor vehicle in a public place...."

The jury charge defined "intoxicated" as "having an alcohol concentration of 0.10 percent or more." This was in accordance with the language in Article 6701*l*–1(a)(2), V.A.C.S., in effect at the time constituting one of two alternative definitions of "intoxication."

On appeal the appellant asserted the trial court erred in instructing the jury that intoxication is defined as having an alcohol concentration of 0.10% or more because such instruction constituted an irrebuttable presumption of intoxication and was, therefore, unconstitutional. In a second ground of error appellant contended the trial court erred in denying his motion to set aside the second paragraph of the information because Article 6701*l*–1(a)(2) and (3) is unconstitutional in that it predetermines an accused's guilt, deprives the accused of a fair trial, shifts the burden of proof to the accused and deprives him of due process. The Court of Appeals rejected these grounds of error as well as others and affirmed the conviction. *Scherlie v. State,* 689 S.W.2d 294 (Tex.App.—Houston [1st] 1985). In disposing of appellant's first ground of error the Court of Appeals, speaking through Justice Cohen, stated in part: "The new definition of 'intoxicated' in art. 6701*l*–1(a)(2)(B) does not give rise to any presumption of intoxication; on the contrary, an alcohol concentration of 0.10% constitutes intoxication standing alone. It is a separate, independent, additional way in which the crime of driving while intoxicated may be committed. It is not a presumption at all, much less an irrebuttable presumption. It is the ultimate fact to be determined in the litigation." In regard to ground of error number two the Court of Appeals wrote: "These arguments are all grounded on the appellant's assumption that the statute creates an irrebuttable presumption of intoxication, a proposition we have rejected in ground of error one."

We granted appellant's petition for discretionary review to consider the correctness of the Court of Appeals' disposition of grounds of error numbers one and two.

Upon due consideration we find that appellant's first ground for review has been decided adversely to his contention in our

recent opinion in *Forte v. State*, 707 S.W.2d 89 (Tex.Cr.App.1986). We adhere to what was said in *Forte*. It need not be repeated here.

As to his second ground for review, we agree with the Court of Appeals' disposition of the second ground of error and for the same reasons.

The judgment of the Court of Appeals is affirmed.