

# THE ATTORNEY GENERAL
## OF TEXAS

August 28, 1987

**JIM MATTOX**
**ATTORNEY GENERAL**

Honorable Charles Chapman
Criminal District Attorney
Hays County Courthouse, Room 208
San Marcos, Texas 78666

Opinion No. JM-777

Re: Whether a loss of "physical or mental faculties" under article 67011-1, V.T.C.S., represents more than one distinct offense for purposes of a criminal complaint

Dear Mr. Chapman:

You ask

> Under the amended DWI statute, does loss of physical OR mental faculties represent two (2) separate and distinct offenses which must necessarily be pled in alternative count . . . or does loss of "physical AND mental faculties" represent one (1) offense which can be pled in a single count?

Article 67011-1, V.T.C.S., provides:

> (a) In this article:
>
> . . . .
>
> (2) 'Intoxicated' means:
>
> (A) not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, or a combination of two or more of those substances into the body; or
>
> (B) having an alcohol concentration of 0.10 or more.
>
> . . . .
>
> (b) A person commits an offense if the person

512/463-2100      SUPREME COURT BUILDING      AUSTIN, TEXAS 78711-2548

is intoxicated while driving or operating a motor
vehicle in a public place.

In Forte v. State, 707 S.W.2d 89 (Tex. Crim. App. 1986), aff'd,
722 S.W.2d 219 (Tex. App. - Fort Worth, 1987), following passage of
the current statute the court said:

> In 1983, the Legislature amended the law and
> provided that driving while intoxicated was an
> offense if a defendant drove or operated a motor
> vehicle in a public place while intoxicated.
> V.A.C.S., art. 6701l-1(b) (Supp. 1984). Addition-
> ally, the definition of 'intoxication' was broad-
> ened to include:
>
>> (A) not having the normal use of mental or
>> physical faculties by reason of the introduc-
>> tion of alcohol, a controlled substance, a
>> drug, or a combination of two or more of those
>> substances into the body; or
>
>> (B) having an alcohol concentration of
>> 0.10 percent or more.
>
> V.A.C.S., art. 6701l-1(a)(2) (Supp. 1984).
> (Footnote omitted).
>
> This extension of the definition of 'intoxica-
> tion' replaced the former singular definition with
> two alternative definitions. One of those
> alternatives created a new definition of 'intox-
> ication' based upon alcohol concentration of 0.10%
> in the body. (Emphasis added).

707 S.W.2d at 94.

In Russell v. State, 710 S.W.2d 662 (Tex. App. - Austin 1986,
pet. ref'd) the court held that under the statutory definition of
intoxication, an element of the offense prohibited under article
6701l-1, the prohibited act may be committed in one of two different
ways, stating:

> In a prosecution under art. 6701l-1, the
> prohibited act is being intoxicated while driving.
> Under the statutory definition of 'intoxicated'
> quoted above, a person may commit this prohibited
> act in one of two distinct ways: (1) by driving
> while not having the normal use of his mental or
> physical faculties by reason of the introduction

> of alcohol or a controlled substance, or (2) by driving while having an alcohol concentration of 0.10 or more. (Emphasis added).

710 S.W.2d at 663-64.

In <u>Scherlie v. State</u>, 715 S.W.2d 653 (Tex. Crim. App. 1986) the Court of Criminal Appeals, quoting from the Court of Appeals, stated that:

> The new definition of 'intoxicated' in art. 67011-1(a)(2)(B) . . . <u>an alcohol concentration of 0.10% constitutes intoxication standing alone. It is a separate, independent, additional way in which the crime of driving while intoxicated may be committed.</u> (Emphasis added).

It is our opinion that the courts will hold "not having the normal use of mental or physical faculties by reason of the introduction of alcohol . . ." while operating a motor vehicle in a public place to be a single offense. We believe this conclusion to be consistent with the general rule set forth in <u>Jurek v. State</u>, 522 S.W.2d 934, 941 (Tex Crim. App. 1975).

> Where several ways an offense may be committed are set forth in a statute and are embraced in the same definition, are punishable in the same manner, and are not repugnant to each other, they are not distinct offenses, and may be charged in one indictment. <u>Nicholas v. State</u>, 23 Tex.App. 317, 5 S.W. 239; <u>Ferguson v. State</u>, 80 Tex.Cr.R. 383, 189 S.W. 271; <u>Todd v. State</u>, 89 Tex.Cr.R. 99, 229 S.W. 515.

The loss of <u>physical or mental faculties</u> embraced in the same definition in article 67011-1(a)(2)(A) are punishable in the same manner and are not repugnant to each other since a person could have the loss of both mental and physical faculties by virtue of intoxication. The authorities cited herein make it clear that an alcohol concentration of 0.10% is a separate, independent, additional way in which the offense of driving while intoxicated may be committed.

## S U M M A R Y

"Not having the normal use of mental or physical faculties by the reason of the introduction of alcohol" while operating a motor vehicle in a public place is a single offense under article 6701l-1, V.T.C.S., and can be pled in one count in the charging instrument.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General