Honorable Charles Chapman Criminal District Attorney Hays County Courthouse, Room 208 San Marcos, Texas 78666
Re: Whether a loss of "physical or mental faculties" under article 6701l-1, V.T.C.S., represents more than one distinct offense for purposes of a criminal complaint
Dear Mr. Chapman:
You ask
 Under the amended DWI statute, does loss of physical OR mental faculties represent two (2) separate and distinct offenses which must necessarily be pled in alternative count . . . or does loss of "physical AND mental faculties" represent one (1) offense which can be pled in a single count?
Article 6701l-1, V.T.C.S., provides:
(a) In this article:
. . . .
(2) `Intoxicated' means:
 (A) not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, or a combination of two or more of those substances into the body; or
(B) having an alcohol concentration of 0.10 or more.
. . . .
 (b) A person commits an offense if the person is intoxicated while driving or operating a motor vehicle in a public place.
In Forte v. State, 707 S.W.2d 89 (Tex.Crim.App. 1986), aff'd,722 S.W.2d 219 (Tex.App.-Fort Worth, 1987), following passage of the current statute the court said:
 In 1983, the Legislature amended the law and provided that driving while intoxicated was an offense if a defendant drove or operated a motor vehicle in a public place while intoxicated. V.A.C.S., art. 6701l-1(b) (Supp. 1984). Additionally, the definition of `intoxication' was broadened to include:
 (A) not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, or a combination of two or more of those substances into the body; or
(B) having an alcohol concentration of 0.10 percent or more.
V.A.C.S., art. 6701l-1(a)(2) (Supp. 1984). (Footnote omitted).
 This extension of the definition of `intoxication' replaced the former singular definition with two alternative definitions. One of those alternatives created a new definition of `intoxication' based upon alcohol concentration of 0.10% in the body. (Emphasis added).
707 S.W.2d at 94.
In Russell v. State, 710 S.W.2d 662 (Tex.App.-Austin 1986, pet. ref'd) the court held that under the statutory definition of intoxication, an element of the offense prohibited under article 6701l-1, the prohibited act may be committed in one of two different ways, stating:
 In a prosecution under art. 6701l-1, the prohibited act is being intoxicated while driving. Under the statutory definition of `intoxicated' quoted above, a person may commit this prohibited act in one of two distinct ways: (1) by driving while not having the normal use of his mental or physical faculties by reason of the introduction of alcohol or a controlled substance, or (2) by driving while having an alcohol concentration of 0.10 or more. (Emphasis added).
710 S.W.2d at 663-64.
In Scherlie v. State, 715 S.W.2d 653 (Tex.Crim.App. 1986) the Court of Criminal Appeals, quoting from the Court of Appeals, stated that:
 The new definition of `intoxicated' in art. 6701l-1(a)(2)(B) . . . an alcohol concentration of 0.10% constitutes intoxication standing alone. It is a separate, independent, additional way in which the crime of driving while intoxicated may be committed. (Emphasis added).
It is our opinion that the courts will hold "not having the normal use of mental or physical faculties by reason of the introduction of alcohol . . ." while operating a motor vehicle in a public place to be a single offense. We believe this conclusion to be consistent with the general rule set forth in Jurek v. State, 522 S.W.2d 934, 941 (Tex.Crim.App. 1975).
Where several ways an offense may be committed are set forth in a statute and are embraced in the same definition, are punishable in the same manner, and are not repugnant to each other, they are not distinct offenses, and may be charged in one indictment. Nicholas v. State, 23 Tex.App. 317[23 Tex.Crim. 317], 5 S.W. 239; Ferguson v. State, 80 Tex.Crim. 383, 189 S.W. 271; Todd v. State, 89 Tex.Crim. 99, 229 S.W. 515.
The loss of physical or mental faculties embraced in the same definition in article 6701l-1(a)(2)(A) are punishable in the same manner and are not repugnant to each other since a person could have the loss of both mental and physical faculties by virtue of intoxication. The authorities cited herein make it clear that an alcohol concentration of 0.10% is a separate, independent, additional way in which the offense of driving while intoxicated may be committed.
 SUMMARY
"Not having the normal use of mental or physical faculties by the reason of the introduction of alcohol" while operating a motor vehicle in a public place is a single offense under article 6701l-1, V.T.C.S., and can be pled in one count in the charging instrument.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller Executive Assistant Attorney General
 Judge Zollie Steakley Special Assistant Attorney General
 Rick Gilpin Chairman Opinion Committee
 Prepared by Tom G. Davis Assistant Attorney General