Leon RUSSELL, Appellant,

v.

The STATE of Texas, Appellee.

No. 3–86–021–CR.

Court of Appeals of Texas, Austin.

April 16, 1986.

Keith Woodley, Comanche, for appellant.

Patrick Ridley, Co. Atty., Henry L. Garza, Asst. Co. Atty., Belton, for appellee.

Before SHANNON, C.J., and EARL W. SMITH and GAMMAGE, JJ.

PER CURIAM.

Following his plea of guilty, the trial court found appellant guilty of driving while intoxicated, second offense. Tex. Rev.Civ.Stat.Ann. art. 6701*l*–1(b) and (d) (Supp.1986). In accordance with a plea-bargain agreement, the court assessed punishment at incarceration for sixty days and a $750 fine.

In his only ground of error, appellant contends the trial court erred by overruling his motion to quash the information because it does not allege the manner of his intoxication. The information alleges that on or about April 14, 1985, appellant did "unlawfully while intoxicated, drive and operate a motor vehicle in a public place...."

Art. 6701*l*–1(b), *supra,* provides that:

A person commits an offense if the person is intoxicated while driving or operating a motor vehicle in a public place.

Subsection (a)(2) of art. 6701*l*–1 defines "intoxicated" as:

(A) not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, or a combination of two or more of those substances into the body; or

(B) having an alcohol concentration of 0.10 or more.

Appellant urges that, in response to his motion to quash, the State should have been required to allege the definition of "intoxicated" on which it intended to rely at trial.

In its brief, the State confesses error. While we agree with the parties that the motion to quash on this ground was erroneously overruled, we find that the error did not prejudice the substantial rights of appellant and therefore affirm the judgment of conviction. Tex.Code Cr.P. Ann. art. 21.19 (1966).

The information in this cause alleges all of the elements of the offense of driving while intoxicated and is, therefore, not fundamentally defective. However, it is not enough that the charging instrument allege all the elements of the charged offense; it must also, as a matter of form, allege facts sufficient to give the accused precise notice of the nature and cause of the accusation against him. Tex.Const. Ann. art. I, § 10 (1984); *American Plant Food Corporation v. State,* 508 S.W.2d 598 (Tex.Cr.App.1974). Thus, where a charging instrument contains a necessary allegation of an act or omission by the accused which, by statutory definition, may be performed in more than one way, but fails to specify which of the statutory definitions is relied upon, the charging instrument is subject to a motion to quash. *Gibbons v. State,* 652 S.W.2d 413 (Tex.Cr.App.1983) (must specify definition of "abduct" relied on in kidnapping prosecution); *Gorman v. State,* 634 S.W.2d 681 (Tex.Cr.App.1982) (must specify definition of "appropriate" relied on in theft prosecution); *Ferguson v. State,* 622 S.W.2d 846, 849 (Tex.Cr.App. 1981) (opinion on rehearing) (must specify definition of "delivery" relied on in controlled substances prosecution). *See also Thomas v. State,* 621 S.W.2d 158, 160 (Tex. Cr.App.1981) (opinion on rehearing).

In a prosecution under art. 6701*l*–1, the prohibited act is being intoxicated while driving. Under the statutory definition of "intoxicated" quoted above, a person may commit this prohibited act in one of two distinct ways: (1) by driving while not hav-

ing the normal use of his mental or physical faculties by reason of the introduction of alcohol or a controlled substance, or (2) by driving while having an alcohol concentration of 0.10 or more. In order to meet scientific evidence of an alcohol concentration of 0.10 or more obviously requires a defensive strategy completely different from that required to meet evidence that the defendant did not have the normal use of his mental or physical faculties. It is therefore apparent that, in order to adequately prepare his defense, a person accused of driving while intoxicated must be notified which statutory definition of "intoxicated" the State intends to prove. We hold the trial court erred in overruling appellant's motion to quash requesting this information.

Although we have found that the trial court erred in overruling appellant's motion to quash, it does not follow that the judgment of conviction must be reversed. This was explained in *Adams v. State*, 707 S.W.2d 900 (Tex.Cr.App., 1986), affirming 669 S.W.2d 339 (Tex.App.1984):

> The important question is whether a defendant had notice adequate to prepare his defense. The first step in answering this question, but only the first step, is to decide whether the charging instrument failed to convey some requisite item of "notice". The next step is to decide whether, in the context of the case, this had an impact on the defendant's ability to prepare a defense, and, finally, how great an impact. To the extent that the holding on State's motion for rehearing in [*Jeffers v. State*, 646 S.W.2d 185 (Tex. Cr.App.1981) (opinion on rehearing)] bars the further inquiry mandated by [Tex.Code Cr.P.Ann. art. 21.19 (1966)] the holding in *Jeffers* is overruled. The court of appeals in the instant case was correct to review the record for prejudice to appellant's substantial rights from the defective form in the charging instrument.

*Adams* was a prosecution for promotion of obscene material. In his motion to quash, appellant contended that because

the police seized two films, and because the allegations in the information were no more descriptive of one film than the other, the information did not tell him which film the State alleged to be obscene. The motion to quash was overruled. The Court of Appeals found that the motion to quash should have been granted, but went on to observe:

> Each film explicitly shows acts of sexual intercourse and oral sex. Except for the participants who could be identified, the films are similar in content. The entire footage of each film presents explicit sexual activity of a type barred by statute, and the films are so similar that one could not conceivably find one film obscene and the other film not.

> Appellant argues that the lack of notice prevented him from defending himself against the State's allegations that the one film shown to convict him lacked serious literary, artistic, political, or scientific value. However, we are unable to conjecture a scenario in which the substantial rights of the appellant were prejudiced. The films are so similar (in that they depict essentially the same conduct) that appellant could not possibly have defended on a theory applicable to one film but not the other.

669 S.W.2d at 342. Under the circumstances, the Court of Appeals concluded that the defect of form in the information did not prejudice the substantial rights of the defendant and affirmed the judgment of conviction. As previously noted, the Court of Criminal Appeals characterized the Court of Appeals analysis as "correct." *See also Opdahl v. State*, 705 S.W.2d 697 (Tex.Cr. App., 1986).

Pursuant to *Adams*, we now turn to the question whether the defect of form in the instant information prejudiced the substantial rights of appellant. We begin by noting that at the hearing held on appellant's motion to quash, counsel for the State informed the trial court that appellant did not submit to the taking of a breath sample to determine the alcohol concentration in his body, that "to the State's knowledge"

there was no type of chemical testing done to determine that concentration, and that the State had no evidence as to the alcohol concentration in appellant's body. Later at the same hearing, defense counsel asked the trial court to grant a motion in limine "to instruct the State, and remind the district attorney to instruct the State's witnesses not to allude to or bring to the attention of the jury the fact that ... [appellant] refused to submit to a breath test or intoxilyzer test." Thus, in overruling appellant's motion to quash, the trial court had before it the undisputed fact that no chemical test of appellant's alcohol concentration had been made.

Without scientific evidence of the defendant's alcohol concentration, it is impossible to prove intoxication pursuant to art. 6701*l*–1(a)(2)(B). Because it was undisputed that such evidence did not exist in this cause, it was obvious that the State could only proceed on the alternative definition of "intoxicated" contained in art. 6701*l*–1(a)(2)(A). As it turned out, the State was not required to present *any* evidence as to appellant's intoxication, since appellant's plea of guilty was sufficient to establish all elements of the offense. *Brown v. State*, 507 S.W.2d 235 (Tex.Cr.App.1974). We find that, under the circumstances, the failure of the information to specify which definition of "intoxicated" the State intended to prove did not hinder appellant's ability to adequately prepare a defense and did not otherwise prejudice any substantial right of appellant.

The judgment of conviction is affirmed.