**Ronald McGINTY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–86–0617–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

July 23, 1987.
Rehearing Denied Oct. 29, 1987.

Jon A. Jaworski, Houston, J. Gary Trichter, Mallet, Trichter & Brann, Houston, amicus curiae for Harris County Criminal Lawyers Ass'n, amicus curiae for Texas Criminal Defense Lawyers Ass'n. for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Leslie Brock, Jana Miller, Harris

County Asst. Dist. Attys., Houston, for appellee.

Before WARREN, LEVY and DUGGAN, JJ.

### OPINION

DUGGAN, Justice.

A jury found appellant guilty of driving while intoxicated, and the court assessed punishment at 90 days confinement, probated for two years, and a $300 fine. Appellant does not challenge the sufficiency of the evidence supporting his conviction.

Appellant contends, in his first point of error, that "the trial court erred in admitting the written intoxilyzer test results when the proper predicate had not been presented." Specifically, he argues that the State did not establish that appellant was observed *by one person* for a continuous 15 minutes prior to administration of the *intoxilyzer test*, pursuant to the chemical breath testing regulations promulgated by the Department of Public Safety. Tex. Dept.Pub.Safety, 37 Tex.Admin.Code, sec. 19.2(c)(1) (Hart Feb. 2, 1986) (Approval of Techniques, Methods, and Programs).

Section 19.2(c)(1) reads as follows:

All breath alcohol testing techniques, in order to be approved, shall meet, but not be limited to, the following criteria:

Continuous observation of the subject for a minimum period of time as set by the scientific director prior to collection of the breath specimen during which period the subject must not have ingested alcoholic beverages or other fluids, regurgitated, vomited, eaten, or smoked....

It is undisputed that a 15–minute period was set by the scientific director. Observation of the subject to be tested is necessary to assure that there is no ingestion or regurgitation of substances that may affect the accuracy of the test.

Officer Lambright testified that the test was administered at 3:54 a.m., and that appellant was observed for a continuous 16 minutes prior to the administration of the test. Officer Flores testified that he began to observe appellant at 3:38 a.m. and delivered him into Lambright's custody five minutes later. During his observation, Flores never saw appellant ingest or regurgitate any of the substances specified in section 19.2(c)(1). Lambright testified that his observation began at approximately 3:42 a.m. and lasted until the test was administered. He further testified that he never saw appellant ingest or regurgitate any of the substances specified in section 19.2(c)(1).

The combined testimony of both observers was sufficient to establish that appellant had been continuously observed during the requisite 15–minute period. Nothing in section 19.2(c)(1) requires that *only* one person observe the test subject. The clear purpose of section 19.2(c)(1) is to insure continuous observation of the test subject during the 15 minutes immediately preceding the test. The testimony established compliance with this purpose. No violation of section 19.2(c)(1) has been shown; therefore, we do not reach the question of whether the failure to comply with section 19.2(c)(1) renders the test results inadmissible. The court did not err in admitting the intoxilyzer test results into evidence.

Appellant's first point of error is overruled.

Appellant contends in his second through ninth points of error that the court erred in overruling his motion to quash the indictment and his motion to require the State to elect the offense upon which it would proceed to trial, because the complaint and information charge more than one offense or variations of the same offense.

Tex.Rev.Civ.Stat.Ann. art. 6701*l*–1, subd. (a)(2) (Vernon Supp.1987), defines intoxication as:

A. Not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, or a combination of two or more of the substances into the body; or

B. Having an alcohol concentration of 0.10 or more.

The complaint and information allege each of these types of intoxication in one count. Appellant claims that a separate offense is charged for each type of intoxication alleged. We disagree.

■ The pleading of the type of intoxication is not required because it is essentially evidentiary, and does not concern the manner in which the offense of driving while intoxicated was committed. The State is not required to plead its evidence. *Gaudin v. State*, 703 S.W.2d 789 (Tex.App —Waco 1985, pet. ref'd). These types of intoxication are not distinct elements of separate DWI offenses, but only specify the modes of proof that the State may rely upon to prove intoxication, which is one essential element of the offense of driving while intoxicated. *Forte v. State*, 707 S.W. 2d 89, 95 (Tex.Crim.App.1986).

■ Similarly, the State need not specify which of seven types of sexual abuse it will rely upon to prove aggravated kidnapping, because such pleading is essentially evidentiary. Nor does each type of sexual abuse constitute a separate offense for aggravated kidnapping. *Phillips v. State*, 597 S.W.2d 929 (Tex.Crim.App.1980). Likewise, the State is not required in a theft case to plead which theory it will rely upon to establish lack of effective consent, and separate theft offenses do not arise from the different types of proof of lack of effective consent available to the State. *Thomas v. State*, 621 S.W.2d 158, 161 (Tex. Crim.App.1981). The court did not err in overruling appellant's motion to quash and motion to compel election by the State.

Points of error two through nine are overruled.

■ Appellant contends, in supplemental points of error one and two, that the court erred in submitting a general charge to the jury that does not provide appellant with collateral estoppel and res judicata protection against future prosecution. These points are predicated upon the erroneous conclusion that the complaint and information charge more than one offense, and that the verdict did not reflect the particular offense for which appellant was convict-

ed. In light of our conclusion that the complaint and information charge but one offense, appellant's contention is without merit.

Appellant's supplemental points of error one and two are overruled.

The judgment is affirmed.