**Jeffrey S. RAY, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 04–86–00352–CR.

Court of Appeals of Texas, San Antonio.

April 29, 1988.

Mark Stevens, San Antonio, for appellant.

Fred G. Rodriguez, Norma Gonzales, Martina Barrera, Daniel Thornberry, Criminal Dist. Attys., San Antonio, for appellee.

Before CANTU, REEVES and DIAL, JJ.

## OPINION

REEVES, Justice.

The State has filed a petition requesting that the Court of Criminal Appeals review our decision in *Ray v. State* (Tex.App.—San Antonio Feb. 17, 1988). The State correctly declares that we have failed to apply the test established by the Court of Criminal Appeals in *Adams v. State*, 707 S.W.2d 900 (Tex.Crim.App.1986) to our analysis of the appellant's second point of error. Our prior opinion is herewith modified. TEX.R.APP.P. 101.

We affirm.

The appellant was convicted of driving while intoxicated by a jury and sentenced to thirty days in jail and a $250.00 fine, both of which were probated. The appellant presents eleven points of error.

In his first point of error, the appellant argues that the trial court erred in not submitting a jury instruction based on language found in *Forte v. State*, 707 S.W.2d 89 (Tex.Crim.App.1986). In *Forte*, the Court of Criminal Appeals, while discussing why the Texas DWI statute does not violate the rule against mandatory conclusive presumptions, stated:

> To prove the element of intoxication in a prosecution for the offense of driving while intoxicated, the State must offer proof beyond a reasonable doubt as to that element. To be sure, that the State relies upon the 0.10 per cent definition of intoxication, then such proof will normally appear in the form of a chemical test showing the alcohol concentration in a defendant's body near the time of the offense. However, a conviction will not necessarily follow from the offer of such a test. First, the trier of fact must *still* be convinced beyond a reasonable doubt that the chemical test provides trustworthy evidence of alcohol concentration in a defendant's breath, blood, or urine. Second, the jury must *still* be convinced beyond a reasonable doubt that inference can be made from the results of the chemical test that the defendant had an 0.10 per cent concentration in his body at the time of the offense.

*Id.* at 94–95 (emphasis added.)

■ The instruction the appellant proposed told the jury that before it convicted him, it had to find beyond a reasonable doubt: 1) the scientific basis upon which the intoxilyzer is based is valid; and 2) an inference could be made from the intoxilyzer's results that the appellant was legally intoxicated while he was driving.

Such an instruction would have been an improper comment on the weight of the evidence since it singled-out a piece of evidence for heightened scrutiny by the jury. *See Moore v. State*, 700 S.W.2d 193, 206 (Tex.Crim.App.1985), *cert. denied*, 474 U.S. 1113, 106 S.Ct. 1167, 89 L.Ed.2d 289 (1985); *Laws v. State*, 549 S.W.2d 738, 740 (Tex.Crim.App.1977). The appellant's first point of error is overruled.

■ In his second point, the appellant argues that the trial court erred in overruling his motion to set aside the information because it failed to specify whether he was intoxicated by loss of faculties or by a concentration of alcohol of 0.10 or more. *See* Tex.Rev.Civ.Stat.Ann. art. 6701*l*–1 (Vernon Supp.1988). This failure to specify, argues the appellant, did not give him sufficient notice as to which definition of "intoxication" the State intended to prove. We agree. *See Solis v. State*, 742 S.W.2d 873 (Tex.App.—San Antonio 1987, no pet.); *Russell v. State*, 710 S.W.2d 662, 664 (Tex. App.—Austin 1986, pet. ref'd).

However, Tex.Code Crim.Proc.Ann. art. 21.19 states, "An indictment shall not be held insufficient ... by reason of any defect or form which does not prejudice the substantial rights of the defendant." Rules with respect to allegations in an indictment also apply to informations. Tex. Code Crim.Proc.Ann. art. 21.23. *Adams v. State*, 707 S.W.2d 900, 903 (Tex.Crim.App. 1986) instructs us that if the charging instrument does not give adequate notice, then we must determine "whether in the context of the case this had an impact on the defendant's ability to prepare a defense, and, finally, how great an impact."

A thorough examination of the record convinces us that the appellant was given adequate notice to prepare his defense. He filed three pre-trial motions to exclude the intoxilyzer results, and a motion alleging that his arrest lacked probable cause. At the hearings on his motions the appellant learned from the arresting officer, the intoxilyzer test operator, and the county intoxilyzer test supervisor that the State would attempt to prove that he committed the offense of DWI by showing that his

faculties were impaired by the introduction of alcohol and that his blood alcohol concentration was 0.10 or more. The appellant also learned the type of equipment used in the breath test as well as the qualifications and experience of each witness. The appellant was apparently not surprised by the evidence adduced at the hearings since he did not ask for a continuance. His second point of error is overruled.

In his third point of error, the appellant complains that the trial court erred in refusing to define the term "alcohol concentration." Tex.Rev.Civ.Stat.Ann. art. 6701*l*-1(a)(1)(B) (Vernon Supp.1988) defines "alcohol concentration" as the number of grams of alcohol per 210 liters of breath. One of the statutory definitions for "intoxicated" is "having an alcohol concentration of 0.10 or more." Tex.Rev.Civ.Stat.Ann. art. 6701*l*-1(a)(2)(B).

■ A charge should contain the statutory elements so that the conviction is based on the law and on the jury's determination of the evidence as applied to that law. *Benson v. State*, 661 S.W.2d 708, 715 (Tex.Crim.App.1982), *cert. denied*, 467 U.S. 1219, 104 S.Ct. 2667, 81 L.Ed.2d 372 (1984). When a term is statutorily defined, its definition should be given to the jury. *See Delgado v. State*, 628 S.W.2d 68, 69 (Tex. Crim.App.1982). The necessity to define a statutory phrase is greater where it has a particularized or technical meaning. *See e.g., Thomas v. State*, 474 S.W.2d 692, 695 (Tex.Crim.App.1972) ("prima facie evidence"); *Venzor v. State*, 162 Tex.Cr.R. 175, 283 S.W.2d 397, 398 (1955) ("barbiturate"); *Stanley v. State*, 142 Tex.Cr.R. 495, 154 S.W.2d 856, 859 (1941) ("agency"). "Alcohol concentration" has a particularized definition and should have been defined by the trial court.

■ When an appellant objects to the omission of an instruction and preserves the error by filing a proper request for such an instruction, he is entitled to a reversal if he can show "some harm." *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.

Crim.App.1984). But an appellant has the burden of showing the harm suffered. *See Mosley v. State*, 686 S.W.2d 180, 182 (Tex. Crim.App.1985).

The Bexar County Alcohol Breath Test Supervisor testified that the appellant scored 0.12 alcohol concentration on the intoxilyzer. This, the appellant argues, made it appear to the jury that he had more alcohol in his body than he actually had, which prejudiced him before the jury. But the supervisor defined "alcohol concentration" for the jury and gave a detailed explanation of how an intoxilyzer works. He testified that though an intoxilyzer gives its results as the number of grams of alcohol per 210 liters of air, it measures only ten ounces of the breath of the person being tested. He explained that the machine measures the amount of alcohol in the ten ounces of air, then mathematically converts that amount into the amount of alcohol that would be contained in 210 liters of the breath of the person being tested had he breathed that much into a large enough container.

The appellant argues that since "alcohol concentration" was not defined for the jury, he could not argue that the mathematical conversion the intoxilyzer made was not reliable. Since the appellant produced no evidence that the mathematical conversions intoxilyzers make is suspect, we cannot see how his proposed instruction would have assisted him in making his case to the jury. In addition, the alcohol breath test supervisor correctly defined "alcohol concentration" in his testimony, and the appellant could have used that definition in making his argument concerning the accuracy of the mathematical conversion made by the intoxilyzer. Though the trial court should have defined "alcohol concentration," we do not believe that it's failure constitutes reversible error. *See Almanza*, 686 S.W.2d at 171. The appellant's third point of error is overruled.

■ The appellant's fourth point of error concerns the trial court's refusal to instruct the jury to disregard the intoxilyzer evi-

dence unless it first found that the appellant had been continuously observed for fifteen minutes by the person who administered the test. The administrators of intoxilyzer tests are required to continuously observe their "subject for a minimum of time as set by the scientific director prior to collection of the breath specimen, during which time the subject must not have ingested alcoholic beverages or other fluids, regurgitated, vomited, eaten, smoked, or introduced any substances into the mouth." Tex. Dept. Public Safety, 37 Tex.Admin. Code § 19.3(c)(1) (Hart 1986). The breath test supervisor testified that the required time period is fifteen minutes, and the rule is to insure that no alcohol or any other substance likely to effect the breathalyzer test results gets into the mouth of the person being tested. The appellant testified that he was not continuously observed for fifteen minutes prior to his test; the officer who administered the test testified that he did.

■ Questions concerning the accuracy or procedure used in administering a scientific test go to the weight given to the test's results, not to its admissibility. *See Slagle v. State*, 570 S.W.2d 916, 919 (Tex. Crim.App.1978); *Kaufman v. State*, 632 S.W.2d 685, 688 (Tex.App.—Eastland 1982, pet. ref'd). In addition, an instruction such as the one the appellant requested would have been an improper comment on the weight of the evidence. *See Moore*, 700 S.W.2d at 206; *Laws*, 549 S.W.2d at 740. The appellant's fourth point of error is overruled.

■ In his fifth point of error, the appellant argues that the trial court erred in refusing to suppress the intoxilyzer results because the State failed to prove the certification of the "allied equipment." His only authority in support of this contention has been reversed by the Court of Criminal Appeals. *Harrell v. State*, 693 S.W.2d 693 (Tex.App.—San Antonio 1985), *rev'd*, 725 S.W.2d 208 (Tex.Crim.App.1986). The appellant's fifth point of error is overruled.

■ The appellant's sixth and seventh points of error complain of the denial of a request to submit separate instructions and verdict forms on the two theories upon which the State relied to convict him of driving while intoxicated. The charge given to the jury states in its first paragraph that a person commits an offense if they drive while intoxicated. In its second paragraph it states that a person is intoxicated when: (1) they do not have the normal use of their physical or mental faculties by reason of the introduction of alcohol into their body, or (2) they have an alcohol concentration of 0.10 or more. The appellant contends that the trial court erred by treating the two offenses as if they were one. *See Russell, supra.* The result of this combination, according to the appellant, is that he might have been convicted by a non-unanimous verdict, that is, some of the jurors might have found that he committed the offense of driving while intoxicated by the loss of his faculties, and some might have found that he committed the offense of driving while intoxicated because his blood alcohol concentration was above the legal limit.

While we agree that the trial court should have given instructions and verdict forms like the appellant requested, the trial court's error does not require reversal because there was sufficient evidence to support a finding of guilt under either theory of intoxication. *See Tapley v. State*, 673 S.W.2d 284, 289 (Tex.App.—San Antonio 1984, pet. ref'd). The error of the court is not reversible error. Tex.R.App.P. 81(b)(2). The appellant's sixth and seventh points of error are overruled.

In his eighth point of error, the appellant argues that the information under which he was charged was fundamentally defective because the complaint upon which it was based was fundamentally defective. The complaint's alleged fundamental defect occurs on the printed part of the complaint form where the complainant states that he "*had* good reason to believe and does believe" that the appellant committed the of-

fense instead of the *"has* good reason to believe and does believe" required by Tex. Code Crim.Proc.Ann. art. 15.05(2) (Vernon 1977).

■■■ We do not believe that the complaint was fundamentally defective. If a defendant, after reading a complaint, can ascertain with reasonable certainty with what he or she has been charged so as to properly prepare a defense, then the complaint is sufficient. *Chapa v. State,* 420 S.W.2d 943, 944 (Tex.Crim.App.1967). The same particularity required of indictments and informations is not required; substantial compliance is all that is necessary. *See Wells v. State,* 516 S.W.2d 663, 664 (Tex. Crim.App.1974).

The complaint's mistake is one either of grammar or of spelling, as evidenced by its correct use of the words in the rest of the phrase. Spelling mistakes have been found to not vitiate complaints. *See Wilkes v. State,* 155 Tex.Cr.R. 622, 237 S.W.2d 991, 992–993 (1951). The complaint and the information that was based on it are not fundamentally defective. The appellant's eighth point of error is overruled.

In his ninth point of error, the appellant argues the trial court erred in refusing to set aside the information that charged him because it did not specify the type of "public place" he drove in while intoxicated. The appellant needed this specification, he argued, to notify him of the offense alleged and to allow him to protect himself from being prosecuted twice for the same offense. Informations alleging that a defendant committed the offense of DWI in a "public place" are sufficient to put a defendant on notice of the offense for which he has been charged and to allow him to protect himself from double jeopardy. *See King v. State,* 732 S.W.2d 796, 804 (Tex. App.—Fort Worth 1987, pet. ref'd). In addition, the evidence that the appellant was driving on a public highway was not disputed, and there is no indication that the appellant was arrested or charged with the offense of driving while intoxicated at another time on the night in question, so the

appellant has no reason to fear that other charges might arise out of that night. The appellant's ninth point of error is overruled.

■■■ The appellant argues in his tenth point of error that the trial court erred in refusing to instruct the jury on the police officer's failure to videotape his appearance on the night in question, a violation of Tex.Rev.Civ.Stat.Ann. art. 6701*l*–1 (note Section 24 of the 1983 amendatory act) (Vernon Supp.1988). This court rejected that contention in *Franks v. State,* 724 S.W.2d 918, 920 (Tex.App.—San Antonio 1987, no pet.). The appellant's tenth point of error is overruled.

■■■ The appellant alleges in his eleventh point that the trial court erred in not instructing the jury to disregard his intoxilyzer test results unless it believed that the officer who administered the test had "reasonable grounds" to believe that the appellant had been driving while intoxicated. Such an instruction was necessary, argued the appellant, because he and his girlfriend, who was in the car with him when he was stopped, controverted the arresting officer's testimony that the appellant manifested signs of intoxication.

Tex.Rev.Civ.Stat.Ann. art. 6701*l*–5 § 1 (Vernon Supp.1988) provides that breath samples "shall be taken at the request of a peace officer having *reasonable grounds* to believe the person to have been driving or in actual physical control of a motor vehicle ... while intoxicated" (emphasis added). Tex.Code Crim.Proc.Ann. art. 38.-23 (Vernon 1979) mandates that no evidence obtained in violation of the laws or constitutions of the United States or Texas is admissible in a criminal trial and that juries be instructed to disregard any evidence presented to them if they find that the evidence was obtained in that way.

■■■ But if a search or seizure is consented to and it is shown by clear and convincing evidence that the consent was given voluntarily, then the evidence discov-

ered as a result of the search and seizure is admissible. *See Meeks v. State*, 692 S.W. 2d 504, 509 (Tex.Crim.App.1985). Here, the State's evidence that the appellant freely consented to the giving of a breath sample was uncontested. The appellant's eleventh point of error is overruled.

The judgment of the trial court is affirmed.