**Larry Ray GOWIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12–87–00181–CR.**

Court of Appeals of Texas,
Tyler.

July 11, 1988.

J. Brad McCampbell, Emory, for appellant.

Frank Long, Dist. Atty., Sulphur Springs, for appellee.

BILL BASS, Justice.

This is an appeal from a conviction for driving while intoxicated (DWI). A jury convicted the appellant of this offense and assessed his punishment at two years' confinement in the county jail and a fine of $1,500.00. We affirm.

At 11:00 p.m. on the night of Thursday, September 11, 1986, Rains County Deputy Sheriffs, Tom Jenkins and Daniel Plemons, arrested Larry Ray Gowin for DWI. Traveling east on Highway 35 near the town of East Tawakoni, Gowin was driving his gray 1975 Ford Grenada with the highbeam lights on as the deputies approached him in their squad car from the opposite direction. When Gowin failed to dim his headlights in response to Jenkins' flashing of his vehicle's highbeams, the deputies made a U-turn and pursued the appellant. When Jenkins turned on his car's overhead lights, Gowin accelerated and began to pull away. He finally pulled over after the deputies chased him for nearly three miles as his car weaved down the highway from side to side. Gowin staggered from his car and handed Jenkins his driver's license. His breath smelled of alcohol, and his slurred speech consisted of loud and obscene language. The deputies did not conduct a field sobriety test because they feared that Gowin might injure himself. Believing the appellant intoxicated, Jenkins arrested him for DWI. Upon arrival at the sheriff's office in Emory, Gowin took the intoxilyzer test and registered a .21 on the machine. The appellant brings six points of error. We affirm.

In his first point of error, Gowin contends that the trial court erred in allowing an unlisted State's witness to testify. The State failed to include Rick Saman on the list of witnesses provided to Gowin prior to trial. By comparing Gowin's fingerprints with those found in appellant's "pen pack," Saman testified that Gowin was the same person who had previously been convicted of DWI on four occasions in the past. Appellant contends that he was denied a fair and impartial trial because he was unable to question prospective jurors concerning their ability to be a fair and impartial juror

despite any knowledge of or relationship to Saman.

 Upon proper motion, witnesses should be disclosed if they will be used by the State at any stage of the trial. *Young v. State*, 547 S.W.2d 23, 27 (Tex.Cr.App. 1977). If a witness who was not included on a witness list is permitted to testify, the standard of review is whether the trial court abused its discretion in allowing the witness to testify. *Hightower v. State*, 629 S.W.2d 920, 925 (Tex.Cr.App.1981). The two factors to be considered in determining whether an abuse of discretion has occurred are whether the prosecutor acted in bad faith in failing to provide the defense with the name of the witness, and whether the defendant could reasonably anticipate that the witness would testify despite the State's failure to disclose the witness' name. *Bridge v. State*, 726 S.W.2d 558, 566–67 (Tex.Cr.App.1986). Moreover, the trial court commits no error by allowing the testimony of an unnamed State witness when the prosecutor has not acted in bad faith and when the testimony did not concern a contested fact issue. *Clay v. State*, 505 S.W.2d 882, 885 (Tex.Cr.App.1974).

 The record shows that the prosecutor informed the court the morning before trial that he inadvertently failed to place Saman's name on the State's list of witnesses he gave to appellant's counsel. He told the court that he realized the night before trial that he left Saman's name off the list. Not only did he assert that he had not acted in bad faith, but he also claimed that the appellant's counsel should have reasonably anticipated that Saman would testify. The prosecutor stated that he had informed appellant's counsel a couple of days before trial that he planned to call Saman to identify Gowin as the same individual previously convicted for DWI. The record also reveals that the indictment charged Gowin with two prior felony convictions for DWI; therefore, defense counsel was on notice that the State intended to prove prior DWI convictions. We find that the prosecutor did not act in bad faith and that the appellant should have reasonably anticipated that the prosecutor would call a witness to prove his prior DWI convictions. Therefore, we conclude that the trial court did not abuse its discretion in allowing Saman's testimony.

In his second point of error, Gowin contends that the trial court erred by overruling his motion to quash the indictment because it failed to allege the manner of his intoxication. The indictment charged the appellant as follows: "did then and there drive and operate a motor vehicle in a public place, to wit: a public road and highway, while the defendant was then and there intoxicated and under the influence of intoxicating liquor...." Subsection (a)(2) of art. 6701*l*–1 defines intoxicated as follows:

(A) not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, or a combination of two or more of these substances into the body; or

(B) having an alcohol concentration of 0.10 or more.

 An indictment is sufficient when it alleges the offense in ordinary and concise language with that degree of certainty that will give the defendant notice of the particular offense and enable the court to pronounce a proper judgment. Tex.Code Crim.Proc.Ann. art. 21.11 (Vernon 1977). The general rule is that a motion to quash will be allowed if the facts sought are essential to giving notice. However, unless a fact is essential, the indictment need not plead evidence relied upon by the State. *Thomas v. State*, 621 S.W.2d 158, 161 (Tex. Cr.App.1980); *Phillips v. State*, 597 S.W.2d 929 (Tex.Cr.App.1980). Definitions of terms and elements within a penal statute are essentially evidentiary and need not be alleged in an indictment. *Thomas.* However, even though an act or omission by a defendant is statutorily defined, if that definition provides for more than one manner or means in which the *defendant* may commit the act or omission, then fair notice to the defendant requires that the State allege the particular manner or means it will seek to establish. *Gorman v. State*, 634 S.W.2d 681, 682 (Tex.Cr.App.1982).

Gowin urges that the State is required to allege the definition of intoxicated on which it intends to rely at trial. The Texas Court of Criminal Appeals has not addressed this precise issue, and the decisions of the Court of Appeals have split on the resolution of this question. In *Russell v. State*, 710 S.W.2d 662, 663 (Tex.App.—Austin 1986, pet. ref'd), the court stated that an indictment is subject to a motion to quash when it contains an allegation of an act or omission which comprises more than one statutorily defined means of its performance and fails to specify which of the definitions is relied upon.

Relying on *Russell*, the San Antonio Court of Appeals has twice held that the State's failure to specify which definition of intoxication it intended to prove at trial deprived the defendant of fair notice. *Ray v. State*, 749 S.W.2d 939 (Tex.App.—San Antonio 1988, no pet.); *Solis v. State*, 742 S.W.2d 873 (Tex.App.—San Antonio 1987, no pet.).

On the other hand, three state appellate courts have upheld DWI convictions even though the indictment did not specify which definition of intoxication the State would prove. In *Gaudin v. State*, 703 S.W.2d 789, 791 (Tex.App.—Waco 1985, pet. ref'd), the court held that "specifying how the defendant became intoxicated does not concern the manner in which the offense of driving while intoxicated was committed. Rather, such specification would only inform the defendant about the type of evidence the State intended to present at trial." The decision of two other courts echoed the reasoning in *Gaudin*. *McGinty v. State*, 740 S.W.2d 475 (Tex.App.—Houston [1st Dist.] 1987, no pet.); *Barraza v. State*, 733 S.W.2d 379 (Tex.App.—Corpus Christi 1987, no pet.). In overruling the appellant's contention of a defective indictment, the Houston Court stated the following:

The pleading of the type of intoxication is not required because it is essentially evidentiary, and does not concern the manner in which the offense of driving while intoxicated was committed. The State is not required to plead its evidence ... These types of intoxication are not distinct elements of separate DWI offenses, but only specify the modes of proof that the State may rely upon to prove intoxication, which is one essential element of the offense of driving while intoxicated.

*McGinty v. State*, 740 S.W.2d at 477.

■ We believe the court's reasoning in *McGinty* is consistent with the principles applied by the Court of Criminal Appeals in *Phillips*, *Thomas*, and *Gorman*. In our view, the statutory definition of "intoxicated" does not go to an act or omission of the defendant or set out more than one manner or means in which the defendant may commit the act or omission denounced by the statute. It does not describe two alternative ways that the defendant may commit the unlawful act of driving while intoxicated. It simply supplies the prosecution with two methods of proving the state or condition of intoxication, that "the defendant was ... intoxicated and under the influence of intoxicating liquor...." The trial court did not err in overruling appellant's motion to quash the indictment.

■ Even assuming that the trial court erred by refusing to quash the indictment, this error did not violate the substantial rights of the appellant and amounts to nothing more than harmless error. Tex. Code Crim.Proc.Ann. art. 21.19 (Vernon 1977). The appellant's second point of error is overruled.

■ In his third, fourth, and fifth points of error, the appellant contends that the trial court erred by including in the jury charge, at the punishment phase of trial, the parole and good conduct time provisions of Article 37.07 § 4(a) of the Texas Code of Criminal Procedure. In *Rose v. State*, 752 S.W.2d 529 (Tex.Cr.App. 1987), the Texas Court of Criminal Appeals struck down section 4(a) of article 37.07 as unconstitutional, but affirmed the conviction holding that the error was not reversible. The Texas Court of Criminal Appeals has recently held in *Haynie v. State*, 751 S.W.2d 878 (Tex.Cr.App.1988), that an appellate court must determine whether, beyond a reasonable doubt, the error in the

charge made no contribution to appellant's punishment that was assessed by the jury.

An examination of the record shows that the jury assessed a punishment of two years' confinement and a fine of $1,500.00 when it could have assessed a maximum punishment of five years' confinement and a fine of $2,000.00, the punishment assessed in his 1983 conviction. The appellant fails to submit any reason why the inclusion of this instruction contributed to his punishment. After reviewing the record of this case, we hold that the parole and good conduct time instruction did not contribute to the punishment assessed by the jury. The appellant's third, fourth, and fifth points of error are overruled.

In Gowin's sixth and final point of error, he contends that the trial court erred by not granting a mistrial because of the nonresponsive testimony of Deputy Sheriff Jenkins. The following exchange took place between appellant's counsel and Jenkins during his cross-examination:

Q: To your knowledge, or isn't it true, that a breath test was administered to Mr. Gowin more than one time?

A: Do what now?

Q: Isn't it true that the breath test was administered to Mr. Gowin more than one time?

A: I understand he's had several DWI's. I imagine he has had it—

At that point, appellant's counsel objected to the answer as being nonresponsive and argued that the statement was prejudicial in nature. The trial judge sustained the objection and instructed the jury to disregard that answer and to not consider it for any purpose in the trial. Appellant moved for a mistrial which was overruled by the trial court. Jenkins later testified outside the presence of the jury that he was confused by the counsel's question and believed that counsel was asking whether he knew if Gowin was familiar with breath test procedures.

In *Coe v. State*, 683 S.W.2d 431, 436 (Tex.Cr.App.1984), the Texas Court of Criminal Appeals held the following:

Error in the admission of improper testimony is usually cured by the trial court's instruction to the jury to disregard, except in extreme cases where it appears that the question or evidence is clearly calculated to inflame the minds of the jury and is of such character as to suggest the impossibility of withdrawing the impression produced in their minds ... Thus, testimony referring to or implying extraneous offenses allegedly committed by the defendant may be rendered harmless by the trial court's instruction to disregard.

In this case, Jenkins' implication that Gowin had previously been arrested for DWI is not even the admission of an extraneous offense because Gowin's previous DWI convictions were later properly admitted into evidence. We do not believe that testimony concerning the appellant's previous convictions, which were subsequently admitted into evidence, could so inflame the minds of the jury that an instruction by the trial judge to disregard would not render the statement harmless. We hold that Jenkins' statement did not harm the appellant. The appellant's sixth point of error is overruled.

Judgment is affirmed.

SUMMERS, Chief Justice, concurring.

I agree with the majority of the court in affirming the judgment of conviction, but based upon different reasoning. I adhere to a previous holding of this court in *Hogue v. State*, 752 S.W.2d 585 (Tex.App.—Tyler, 1987, pet. ref'd), wherein we held that an indictment is defective when it contains an allegation of an act or omission which comprises more than one statutorily defined means of committing the offense and fails to specify which of the definitions is relied upon. *Accord, Russell v. State*, 710 S.W. 2d 662, 663 (Tex.App.—Austin 1986, pet. ref'd); *Ray v. State*, 749 S.W.2d 939 (Tex. App.—San Antonio 1988, no pet.); *Solis v. State*, 742 S.W.2d 873 (Tex.App.—San Antonio 1987, no pet.).

In *Hogue*, we further held, in agreement with the Austin court's reasoning in *Russell*, that the alleged defect in the indictment was harmless.

I would affirm the judgment of the trial court.