**STATE of Texas, Appellant,**

v.

**Rose Marie MELENDES, Appellee.**

**No. 04–93–00742–CR.**

Court of Appeals of Texas,
San Antonio.

June 1, 1994.

Rehearing Denied June 16, 1994.

Barbara Hervey, Asst. Crim. Dist. Atty., San Antonio, for appellant.

Wayne A. Christian, II, Christian, Wheeler & Churak, P.C., Carmen R. Rojo, San Antonio, for appellee.

Before PEEPLES, LOPEZ and STONE, JJ.

PEEPLES, Justice.

The State appeals an order granting defendant's motion to suppress the results of an intoxilyzer test. The defendant pleaded not guilty to the offense of driving while intoxicated. After a suppression hearing, the trial court concluded that 37 Tex.Admin.Code §§ 19.3(c)(1) and (i) require the same operator to both observe the subject for fifteen minutes and administer the intoxilyzer test. *See* 37 Tex.Admin.Code §§ 19.3(c)(1), 19.3(i) (West Supp.1993). Because the arresting and observing officer turned the defendant over to a second officer, who administered the test, the court granted the defendant's motion to suppress. We disagree with the court's interpretation of the statute and therefore reverse the suppression order.

Officer Clare pulled the defendant over after he observed her weaving in and out of the traffic lanes at an extremely low speed on an interstate highway. On several attempts, defendant had trouble exiting her car because she did not realize that her seatbelt was fastened. After the defendant failed the field sobriety tests, Officer Clare concluded that she was intoxicated. He then arrested her and drove her to the police station.

Section 19.3 of the Texas Breath Alcohol Testing Regulations mandates a 15–minute observation period.[1] Clare began his official observation at 2:42 a.m. and directly observed the defendant for twenty-nine minutes. The defendant had been either directly in front of Clare or handcuffed in the back seat of his car since 2:20 a.m.

At approximately 3:09 Clare released the defendant to Officer Valdez, who had been working the Intoxilyzer Room since Clare arrived with the defendant. Clare remained in the room completing his paperwork while Valdez administered the test. No other officer had any contact with the defendant. Both officers are certified by the Texas Department of Public Safety as operators of the Intoxilyzer 5000. Both are members of the same unit. Clare testified that Valdez performed the test to assist him, and that this procedure saves the officers time in preparing their cases.

The trial court granted the motion to suppress after interpreting § 19.3 as follows: "I believe the rule reads that the operator giving the test should give the observation period of 15 minutes, not another operator. In other words, a person cannot observe 15 minutes, [and then] give it to another operator to give the test. It has to be the same person giving the test that does the observation." The trial court ruled that the same operator must conduct the observation and administer the intoxilyzer test.

■ In two points of error, the State contends that it complied with the applicable regulations governing intoxilyzer tests, and that the trial court misinterpreted them. We agree.

As we understand the purpose of the regulations, an operator (as opposed to officers generally) must conduct the observation because an operator will know the conditions under which proper testing is to be performed, and will know what activities to prevent to ensure accurate testing.

In a similar case, the appellant contended that the State did not establish that *one* person observed him for a continuous 15

---

1. § 19.3 Certification of Techniques, Methods, and Programs

     .... (c) All breath alcohol testing techniques, in order to be approved, shall meet, but not be limited to, the following:

     (1) a period during which *the operator* is required to remain in the presence of the subject.

     ....

     (i) Subsection (c)(1) of this section requires *an operator* to remain in the presence of the sub-

ject. *An operator* shall remain in the presence of the subject at least 15 minutes before the test and should exercise reasonable care to ensure that the subject does not place any substances in the mouth. Direct observation is no longer necessary to ensure the validity or accuracy of the test result.

37 Tex.Admin.Code § 19.3 (West Supp.1993) (Breath Alcohol Testing Regulations) (emphasis added).

minutes prior to administration of the intoxilyzer test. *See McGinty v. State*, 740 S.W.2d 475, 476 (Tex.App.—Houston [1st Dist.] 1987, pet. ref'd). In *McGinty*, the requisite observation period was completed by two officers. The first officer observed for five minutes; the second observed for another eleven minutes and then performed the test. *Id.* The court held:

> The combined testimony of both observers was sufficient to establish that appellant had been continuously observed during the requisite 15–minute period. Nothing in section 19.[3](c)(1) requires that *only* one person observe the test subject. The clear purpose of section 19.[3](c)(1) is to insure continuous observation of the test subject during the 15 minutes immediately preceding the test. The testimony established compliance with this purpose. No violation of section 19.[3](c)(1) has been shown.

*Id.*

■ We agree with the *McGinty* court's interpretation of the regulations. There is nothing in the two regulations to indicate that the same operator must both observe and test. "The clear purpose of section 19.-3(c) is to ensure continuous observation of the test subject during the fifteen minutes immediately preceding the test." *State v. Kost*, 785 S.W.2d 936, 939 (Tex.App.—San Antonio 1990, pet. ref'd); *McGinty*, 740 S.W.2d at 476. The testimony elicited by the prosecutor indicates that this was accomplished. We agree with the State that the observer(s) should be operators, to ensure that the observer knows what to watch for and what kinds of conduct to prevent (e.g. machine tampering, ingestion, regurgitation).

Section 19.3 requires that an operator observe the subject for at least fifteen minutes, and that an operator administer the test to the subject who has just been observed. These two functions may be accomplished by one operator or by two. We reverse the suppression order and remand for further proceedings.