The STATE of Texas, Appellant,

v.

Dario MOYA, Jr., Appellee.

No. 04–93–00289–CR.

Court of Appeals of Texas,
San Antonio.

June 1, 1994.

Edward F. Shaughnessy, III, Asst. Cr. Dist. Atty., San Antonio, for appellant.

Joseph Acevedo, San Antonio, for appellee.

Before PEEPLES, LOPEZ and STONE, JJ.

## OPINION

PEEPLES, Justice.

The State appeals an order granting defendant's motion to suppress the results of an intoxilyzer test. The defendant pleaded not guilty to the offense of driving while intoxicated. After a suppression hearing, the trial court concluded that the Breath Alcohol Testing Regulations, 37 TEX.ADMIN.CODE §§ 19.1–19.7 (West Supp.1993), required the operator to repeat the observation period after the intoxilyzer machine produced a "check ambient conditions" message. Because the observer and operator did not repeat the observation period before he tested the subject on the intoxilyzer machine, the court granted the defendant's motion to suppress. We disagree with the court's interpretation of the statute and therefore reverse the suppression order.

Officer Heim pulled the defendant over after he observed him drive in the middle of the street, run a stop sign, and drive on the wrong side of the street. The defendant got out of his car, following the officer's directions. He was unsteady on his feet, he staggered, and he needed support to stand. He also had "very, very strong breath odor of intoxicants" and his eyes were "red and blood shot." Officer Heim administered the Horizontal Nystagmus Test, which indicated that the defendant was intoxicated. Heim arrested the defendant and helped him into the rear of his squad car, where the defendant promptly "passed out." Officer Heim drove him to the police station.

At the station, Officer Heim read the DWI statutory warning form to the defendant and summarized it for him. Then he observed the defendant for more than 15 minutes. Next Heim entered a test record into the Intoxilyzer 500. The machine voided this test and the test record gave the message: "check ambient conditions." Heim followed standard procedure by inserting a new test record, typing in the information again, and attempting to test the defendant. The second test ran correctly and gave the message: "circuitry check ok." It then gave the result that the defendant's blood alcohol level registered at least twice the legal limit.

Mr. Robinson, a Breath Test Technical Supervisor for Bexar County, explained that both of the test records indicate that the instrument passed the internal checks. "The instrument is designed to check many things of which this [ambient conditions] is one, and it [the test record] simply indicate[d] that the instrument is doing exactly what it was designed to do."

The trial court granted the motion to suppress on the ground that the statute requires a repeat test when the machine produces a message such as "check ambient conditions." The court concluded that the "test" included the observation period; therefore, when the test must be repeated, the subject must be observed for an additional fifteen minutes before the intoxilyzer unit is used again.

■ The language of the regulations suggests that the observation period and the test itself are two different things. Section 19.-3(i) says, "An operator shall remain in the presence of the subject at least 15 minutes *before the test* and should exercise reasonable care to ensure that the subject does not place any substances in the mouth." 37 TEX.ADMIN.CODE § 19.3(i) (West Supp.1993) (Breath Alcohol Testing Regulations) (emphasis added). Section 19.7, Explanation of Terms and Actions, subsection (b) defines breath alcohol test: "Refers to the *actual analysis of a specimen of the subject's breath* to determine the alcohol concentrations thereof." *Id.* § 19.7(b) (emphasis added). This language supports our conclusion that the observation is not a part of the test.

■ The purpose of the observation period is "to ensure continuous observation of the test subject during the fifteen minutes immediately preceding the test." *State v. Kost,* 785 S.W.2d 936, 939 (Tex.App.—San Antonio 1990, pet. ref'd). *See also McGinty v. State,* 740 S.W.2d 475, 476 (Tex.App.—Houston [1st Dist.] 1987, pet. ref'd). The observation period involves the human element. It seeks to minimize inaccuracies resulting from the actions of the human test subject. The obser-

vation period has nothing to do with the readiness of the machine.

No purpose is served by repeating the observation period merely because the machine needs to rerun its internal check system. The machine reaps no benefit from fifteen additional minutes of observation; it does not need a fifteen-minute rest period. Once the machine resets or successfully rechecks itself, and indicates that it is ready to accept the next test run, the test may be repeated.

 Nothing in this opinion changes the requirement that the defendant must be observed for at least a fifteen-minute period immediately preceding the test. While the observation time need not be repeated if a second or third test must be conducted, the subject must remain under observation until the machine is ready to perform correctly.