In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-17-00403-CR
_____

**WILLIAM DARWIN BROWN JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 221st District Court**
**Montgomery County, Texas**
**Trial Cause No. 17-02-01837-CR**

**MEMORANDUM OPINION**

William Darwin Brown Jr. appeals his felony conviction for driving while intoxicated.[1] *See* Tex. Penal Code Ann. §§ 49.04, 49.09(b)(2) (West Supp. 2018).[2] In two issues on appeal, Brown argues that the trial court erred by admitting the

---

[1]The record shows that William Darwin Brown Jr. is also known as William Darwin Brown.

[2]We cite to the current version of section 49.09 of the Texas Penal Code because the subsequent amendments do not affect the outcome of this appeal.

1

testimony of an undesignated expert witness and by denying his request to instruct the jury on the lesser-included offense of misdemeanor driving while intoxicated. We affirm the trial court's judgment.

## Procedural Background

A grand jury indicted Brown for the felony offense of driving while intoxicated. The indictment alleged that Brown had two prior convictions for driving while intoxicated and two prior felony convictions. Brown pleaded not guilty at the trial. The jury found Brown guilty of the offense of driving while intoxicated – 3rd or more, found the two enhancement paragraphs to be true, and assessed punishment at sixty years of confinement. Brown appealed.

## Analysis

In issue one, Brown argues that the trial court erred by allowing the testimony of a fingerprint expert whom the State failed to designate under either the trial court's standing discovery order or article 39.14(b) of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art. 39.14(b) (West Supp. 2018) (providing that upon request, a party who receives a request shall disclose the name and address of each person the disclosing party may use at trial to present expert testimony under Rule 702, 703, and 705 of the Texas Rules of Evidence). Brown complains that it was error for the trial court to allow the expert fingerprint

testimony of Kyle Koonce, because the State did not include Koonce on its list of potential expert witnesses. Brown asserts that he was unable to investigate Koonce's background as an expert witness. Although Brown objected to the late designation before Koonce testified, the trial court overruled the objection and allowed Koonce to testify. Upon request by the defense, notice of the State's witnesses shall be given. *Martinez v. State*, 867 S.W.2d 30, 39 (Tex. Crim. App. 1993). We review a trial court's decision to allow an undesignated expert to testify for an abuse of discretion. *See Nobles v. State*, 843 S.W.2d 503, 514-15 (Tex. Crim. App. 1992); *Branum v. State*, 535 S.W.3d 217, 226 (Tex. App.—Fort Worth 2017, no pet.). In determining whether an abuse of discretion occurred, we consider whether there is any showing of bad faith on the part of the prosecutor in failing to provide the name of the witness, and whether the defendant could have reasonably anticipated that a fingerprint witness would testify. *See Branum*, 535 S.W.3d at 226; *Gowin v. State*, 760 S.W.2d 672, 674 (Tex. App.—Tyler 1988, no pet.). In determining whether the defense could have reasonably anticipated that the State would call the witness, we examine the degree of surprise to the defense, the degree of disadvantage inherent in that surprise, and the degree to which the trial court was able to remedy that surprise. *Hamann v. State*, 428 S.W.3d 221, 228 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd).

3

The record shows that the trial court's standing discovery order provides that on or before the twenty-first day before trial, the State is ordered to furnish the names, addresses, telephone numbers, and areas of expertise of each person whom it intends to use at trial to present evidence under Rules 702, 703, and 705 of the Texas Rules of Evidence. *See* Tex. Code Crim. Proc. Ann. art. 39.14(b) (West Supp. 2018). The State's response to the trial court's standing discovery order included a list of anticipated trial witnesses, including experts in fingerprint and handwriting comparison and analysis. The State's response included an unnamed fingerprint and handwriting expert from the Montgomery County Sheriff's Office, as well as named investigators from the Montgomery County District Attorney's Office who were designated fingerprint experts.

During trial, the State called Kyle Koonce, a crime scene investigator and latent print examiner with the Montgomery County Sheriff's Office. Prior to Koonce testifying, defense counsel objected based on surprise because the State had failed to disclose Koonce's name, address, and phone number as required by the trial court's standing discovery order. Defense counsel further objected that he had been unable to research Koonce's history as an expert. The prosecutor informed the trial court that, although Koonce had not been identified by name on the State's list of witnesses, the State had filed a notice that it would use fingerprint

4

experts from the Montgomery County Sheriff's office and the Montgomery County District Attorney's office. The prosecutor explained that Koonce would be testifying solely to prove that the fingerprints on the judgments relevant to Brown's prior convictions, were Brown's, and that this testimony would be the same as the testimony from the experts the County had timely designated. For those reasons, the prosecutor claimed Brown would not be harmed. The trial court overruled defense counsel's objections, and allowed Koonce to testify and noted that defense counsel had neither complained that the State's discovery was inadequate nor requested a hearing seeking additional information.

The record does not show that the State failed to disclose Koonce in bad faith. *See Branum*, 535 S.W.3d at 226. The indictment charged Brown with having incurred two prior convictions on charges of driving while intoxicated; thus, defense counsel was on notice that the State would be seeking to prove that he had incurred the previous convictions when the case went to trial. *See Gowin*, 760 S.W.2d at 674. Given the response the State filed to the trial court's standing discovery order, it would have been reasonable for Brown to anticipate that the prosecutor would call a Montgomery County employee as a fingerprint identification expert in Brown's trial. *See Hamann*, 428 S.W.3d at 228; *Gowin*, 760 S.W.2d at 674. Additionally, Brown failed to request a continuance based on the

5

State's failure to timely disclose Koonce's identity, rendering any error harmless. *See Barnes v. State*, 876 S.W.2d 316, 328 (Tex. Crim. App. 1994); *Branum*, 535 S.W.3d at 226. Considering the relevant factors, we conclude that the trial court did not abuse its discretion by allowing Koonce to testify. *See Branum*, 535 S.W.3d at 226; *Gowin*, 760 S.W.2d at 674. We overrule issue one.

In issue two, Brown contends that he was entitled to have the jury consider convicting him on a charge of misdemeanor DWI because the trial court should have accepted his claim that it was a lesser-included offense of felony DWI under the facts and circumstances raised by the evidence in his trial.

We apply a two-step test to determine whether a trial court is required to give a requested instruction on a lesser-included offense. *Bullock v. State*, 509 S.W.3d 921, 924 (Tex. Crim. App. 2016). The first step is to determine whether the requested instruction pertains to an offense that is a lesser-included offense of the charged offense. *Id.* An offense is a lesser-included offense if (1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged, (2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission, (3) it differs from the charged offense only in the respect that a less culpable mental state suffices to establish its

commission, or (4) it consists of an attempt to commit the charged offense or otherwise included offense. *See* Tex. Code Crim. Ann. Proc. art. 37.09 (West 2006); *see also Hall v. State*, 225 S.W.3d 524, 527 (Tex. Crim. App. 2007).

The record shows that there was no dispute that a misdemeanor driving while intoxicated offense is a lesser-included offense of a felony driving while intoxicated offense. Felony driving while intoxicated is nothing more than the misdemeanor offense enhanced by proof of two prior convictions for driving while intoxicated. *See* Tex. Penal Code. Ann. §§ 49.04, 49.09(b); *Guess v. State*, 419 S.W.3d 361, 367 (Tex. App.—Tyler 2010, pet. ref'd). In this case, the focus of our analysis is on the second part of the test, which is whether there is some evidence in the record that would permit a rational jury to find that, if Brown is guilty, he is guilty only of the lesser-included offense. *See Bullock*, 509 S.W.3d at 924.

The second step requires that we examine all the evidence admitted at trial. *Id.* Anything more than a scintilla of evidence is sufficient to entitle a defendant to a charge on the lesser offense. *Hall*, 225 S.W.3d at 536. However, "it is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense, but rather, there must be some evidence directly germane to the lesser-included offense for the finder of fact to consider before an instruction on a lesser-included offense is warranted." *Hampton v. State*, 109 S.W.3d 437, 441 (Tex. Crim. App. 2003). "If

7

the evidence raises the issue of a lesser[-]included offense, a jury charge must be given irrespective of who introduced the evidence and irrespective of whether it is "strong, weak, unimpeached, or contradicted.'" *Guess*, 419 S.W.3d at 367 (quoting *Rousseau v. State*, 855 S.W.2d 666, 672 (Tex. Crim. App. 1993)).

According to Brown, the jury could have found that the prior judgments were deficient and that he only committed the lesser-included offense of misdemeanor driving while intoxicated. The pertinent question is whether there is evidence from any source that negates or refutes the element establishing the greater offense, or if the evidence showing the additional element is so weak that it is subject to more than one reasonable inference. *See Schweinle v. State*, 915 S.W.2d 17, 19 (Tex. Crim. App. 1996). It is not enough that Brown denied the additional element of the offense or that the jury could have possibly disbelieved the State's evidence. *See Hampton*, 109 S.W.3d at 441; *Guess*, 419 S.W.3d at 367.

To prove a prior conviction of an offense, the State must establish, beyond a reasonable doubt, that a prior conviction exists and the defendant is linked to that conviction. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). While evidence of a certified copy of a final judgment and sentence may be a preferred means to prove these two elements, no specific document or mode of proof is required. *Id.* The State may prove these elements in different ways, such as

8

including fingerprints supported by expert testimony matching them to the defendants, by offering the defendant's stipulations or judicial admissions, or by offering the defendant's photograph in a penitentiary packet. *Id.* at 924.

During Brown's trial, the State offered certified copies of judgments and sentences from two prior convictions for driving while intoxicated. Koonce testified that State's exhibit 29 is an exemplar of fingerprints of Brown that Koonce made and that State's exhibit 21 is a judgment which included identifiable fingerprints that Koonce used to conduct a fingerprint analysis. Koonce explained that he conducted an analysis and comparison of the fingerprint on State's exhibit 21 with the known sample of Brown that Koonce took and concluded that exhibit 21 was Brown's fingerprint. Koonce testified that State's exhibit 21 is a judgment showing that William Darwin Brown was convicted of driving while intoxicated, a Class B misdemeanor.

Concerning State's exhibit 23, a judgment of conviction for driving with a child under fifteen years of age while intoxicated, Koonce testified that he was unable to make a positive identification based on the fingerprint on State's exhibit 23 because the print recorded was not suitable for comparison. However, Koonce explained that there was other identifying information on the judgment, including a Texas state identification number, that helped him to determine that convicted

defendant reflected on exhibit 23 was Brown. Koonce further testified that State's exhibit 26, which is Brown's penitentiary packet, includes the prison system's set of Brown's fingerprints and a copy of the judgment in State's exhibit 23. Koonce explained that he analyzed the fingerprints in Brown's penitentiary packet and compared them with the fingerprints he took and concluded that they were Brown's.

After the defense cross-examined Koonce, the State offered Brown's penitentiary packet into evidence, which the trial court admitted. Brown's penitentiary packet included a photograph, a state identification number, fingerprints, and State's exhibit 23. Koonce testified that he used the identifying information in Brown's penitentiary packet to identify Brown as the defendant who had been convicted for driving with a child while intoxicated in April 2013. Additionally, Brown's daughter testified that she knew that Brown had been convicted twice for driving while intoxicated, that one of the convictions involved a child, and that Brown went to prison in 2013 for the conviction involving the child.

Because the certified copies of the judgments and sentences were adequate to establish Brown's prior convictions beyond a reasonable doubt, we conclude that there is no evidence from which a jury could rationally conclude that Brown

was only guilty of the lesser-included offense. *See Bullock*, 509 S.W.3d at 924; *Flowers*, 220 S.W.3d at 921, 924; *Schweinle*, 915 S.W.2d at 19. We further conclude that the trial court did not err by denying Brown's request to instruct the jury on the lesser-included offense of misdemeanor driving while intoxicated. We overrule issue two and affirm the trial court's judgment.

     AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on January 18, 2019
Opinion Delivered April 10, 2019
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.

11